**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| KAREN M. THOMAS, | Case No. 16-50612 |
|     Debtor. | |
| | |
| In re: | Chapter 13 |
| GARY L. BROOKS, JR. and | |
| MARY M. GILLESPIE-BROOKS, | Case No. 16-50396 |
|     Debtors. | |
| | |
| KAREN M. THOMAS, | |
| GARY L. BROOKS, JR., and | |
| MARY M. GILLESPIE-BROOKS, | |
|     Plaintiffs, | |
|     v. | Adv. P. No. 17-05010 |
| MIDLAND FUNDING, LLC, and | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
|     Defendants. | |

**MEMORANDUM DECISION**

Three consumer debtors filed complaints in this Court against Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "Midland"). Karen Thomas filed adversary proceeding 17-05010. Gary Brooks Jr. and Mary Gillespie-Brooks filed adversary proceeding 17-05009. The two complaints have been consolidated for administrative convenience.[1] The consumer debtors seek a class action (with other similarly situated debtors in this district), a declaratory judgment, damages, and injunctive relief. Midland seeks to dismiss the complaints as failing to state a claim on which relief can be granted.

In the complaint, the plaintiffs initially request that the Court certify a class for this action. Next, the plaintiffs assert two counts. In Count I, the plaintiffs allege Midland violated

---

[1] On September 28, 2017, the Court entered an order consolidating the two adversary proceedings into adversary proceeding number 17-05010 pursuant to Federal Rule of Bankruptcy Procedure 7042. *See* ECF Doc. No. 10.

the Fair Debt Collection Practices Act ("FDCPA"),[2] specifically sections 1692e and 1692f. In Count II, the plaintiffs allege Midland violated Federal Rule of Bankruptcy Procedure 3001.

Midland moves to dismiss the complaints in their entirety. Setting aside the question of whether a class action is appropriate, the Court will address the sufficiency of the complaints and will decide whether to dismiss the actions under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012(b).

## FINDINGS OF FACT

The plaintiffs are debtors in pending chapter 13 bankruptcy cases. Midland filed proofs of claim in each of the bankruptcy cases. Midland did not itemize interest, fees, or costs when it originally filed the proofs of claim.

On June 15, 2017, each of the plaintiffs filed adversary proceedings against Midland, as a putative class action complaint on behalf of a class of similarly situated individuals. Midland responded by moving to dismiss the complaints pursuant to Rule 12(b)(6). Plaintiffs filed responses opposing the motion to dismiss. Defendants in turn filed a reply brief, and this matter proceeded to oral argument before the Court on September 27, 2017.

At hearing, the Court considered a request pursuant to Rule 42 of the Federal Rules of Civil Procedure to combine the two adversary proceedings for administrative convenience. The Court granted the request. The Court heard arguments from the parties on the motion to dismiss. At the conclusion of the hearing, the Court took the matter under advisement.

## JURISDICTION

Karen Thomas, Gary Brooks, and Mary Gillespie-Brooks are debtors in this Court. Midland is a creditor in each of the bankruptcy cases.[3] This Bankruptcy Court has jurisdiction

---

[2] The Fair Debt Collection Practices Act is codified at 15 U.S.C. §§ 1692–1692p.

2

over these bankruptcy cases by virtue of 28 U.S.C. § 1334(a). The complaint, which is subject to this motion to dismiss, concerns federal non-bankruptcy law (specifically, the FDCPA) and Federal Rule of Bankruptcy Procedure 3001. The plaintiffs have consented to this Court issuing a final ruling in this adversary proceeding. Compl. ¶ 3. The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); the defendant has neither challenged this Court's jurisdiction nor moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or (b)(2). The Court will issue its ruling on the motion to dismiss in this non-core related matter by consent.

## ANALYSIS

A motion under Rule 12(b)(6) looks into the legal sufficiency of a complaint. *RTC Mortg. Tr. v. McMahon*, 225 B.R. 604, 607 (E.D. Va. 1997). The merits of the claims or the defenses are not relevant. The question is whether the plaintiff has pleaded "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). More than that, the claim must have crossed "the line from conceivable to plausible." *Id.* The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a Rule 12(b)(6) motion. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal citations omitted).

### Count I: Violations of the Fair Debt Collection Practices Act ("FDCPA")

A plaintiff must plead three elements to state a claim that a defendant has violated the Fair Debt Collection Practices Act ("FDCPA"). The first two elements address identity: (1) the plaintiff must be a "consumer," and (2) the defendant collecting the debt must be a "debt

---

[3]    Under the Bankruptcy Code, one definition of "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" includes a "right to payment." *Id*. § 101(5)(A).

collector" as defined by the FDCPA. *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997). The third element requires the plaintiff to plead the act or omission by which the defendant has violated the FDCPA. *Id.* When the plaintiff has sufficiently pleaded facts to support these three elements, she has made a prima facie case for a violation of the FDCPA.

The parties agree that the plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3)[4] and that Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[5] The third element remains in dispute. The parties disagree whether the plaintiffs' complaint states an actionable violation of the FDCPA or merely states acts short of the criteria necessary to award damages, injunctive relief, or any relief for that matter.

The debtors cite two sections of the FDCPA. The Court will address the sufficiency of the complaint for each of these allegations.

*15 U.S.C. § 1692e*

The complaint includes the following facts: (1) the plaintiffs each owed Synchrony Bank for debts arising from open end credit; (2) the plaintiffs filed bankruptcy cases; (3) Synchrony Bank received notice of the bankruptcy and subsequently transferred to Midland information about the debts owed by the plaintiffs in bankruptcy; (4) Midland filed proofs of claim in the bankruptcy cases of the plaintiffs for the debts which it acquired from Synchrony Bank; (5) Midland reported on the proofs of claim the amount of the claim as greater than the amount the plaintiffs scheduled for each of the debts to Synchrony Bank; (6) Midland answered "No" to the

---

[4] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[5] With certain exceptions and clarifications, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

4

question on the proof of claim asking whether the claim included interest or other charges; (7) Midland had a reasonable belief that the amount reported overstated the principal amount of the claim as of the debtors' petition date; (8) Midland had a reasonable belief that the amount of the claim reported on the proofs of claim did include interest and fees but directed its employees to answer falsely that the claims did not; (9) Midland failed to comply with certain provisions of the Federal Rules of Bankruptcy Procedure concerning filing proofs of claim; (10) Midland was advised its practice of failing to itemize interest and fees on its proofs of claim and falsely denying that the claim amount included interest was a violation of Rule 3001 yet Midland "continue[d] to file Proofs of Claim in the Western District of Virginia" using this practice; and (11) the debtors "suffered a concrete injury by not receiving accurate information in the Proof of Claim about the interest and fees included in the claim amount."

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The debtors assert that Midland violated § 1692e because of "the false assertion that no interest or fees were included in the amount of each Proof of Claim, and that Defendants had a reasonable belief in the accuracy of the information." Compl. ¶ 67. As analogues of statutory support, plaintiffs point to two types of prohibited practices enumerated in § 1692e: "(2) The false representation of—(A) the character, amount, or legal status of any debt" and "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2), (10).

Midland defends that this inaccuracy in a proof of claim is simply not sufficient to constitute a "false, deceptive, or misleading representation" which violates the FDCPA. First,

Midland points out that the representation must be material. A technical or minor misstatement may not be material. If it is not material, then it is not a violation of the FDCPA. If the false representation is not material, and as such does not violate the FDCPA, then the plaintiffs simply have not pleaded a sufficient cause of action. According to Midland, materiality is a necessary element to plead a FDCPA violation.

The complaint describes how Midland filed proofs of claim for debts owed to Synchrony Bank, but reported on the proofs of claim amounts greater than the amounts the plaintiffs admitted that they owed to Synchrony Bank.[6] The complaint alleges that Midland had reason to know the amount reported included interest and that Midland knew it had to report interest on proofs of claim according to the Federal Rules of Bankruptcy Procedure. The complaint reports how Midland did not reveal any interest on the proofs of claim and did not answer correctly the question on the proofs of claim which asked if the amount included interest. In this way the complaint alleges the amount of each claim was false and the character of the amounts was false.

The Court agrees with Midland that materiality is a necessary element for a FDCPA complaint. "[T]o plead a claim of false representation under the FDCPA, the party must show that the representations are material." *Lembach v. Bierman*, 528 Fed. App'x 297, 303 (4th Cir. 2013); *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) ("A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be *material* to be actionable.").

---

[6] The debtor's schedules are an admission of the information contained therein and potentially binding on the debtor. *See In re CPC Health Corp.*, 81 Fed. App'x 805, 808 (4th Cir. 2003) (recognizing that entities are legally bound by disclosures made in schedules); *Horner v. Hamner*, 249 F. 134, 137 (4th Cir. 1918) ("Filing the schedule in a proceeding in bankruptcy is an ex parte act on the part of the bankrupt, and in that proceeding is a solemn admission which, unless corrected, binds him."); *In re Falwell*, 434 B.R. 779, 789 (Bankr. W.D. Va. 2009) ("When a debtor schedules a claim as undisputed, the debtor has admitted under the penalty of perjury that the claim exists in the amount as scheduled.").

On the other hand, the Court disagrees with Midland's conclusion that the plaintiffs have failed to plead material misrepresentations. Midland asserts a definition for materiality that is overly narrow. Midland suggests that materiality is limited to facts which would affect a party's response in the context of a two-party dispute. Certainly, Midland is correct that a false representation which would influence a party's response in a lawsuit is a material false representation. That said the mere fact that a false representation may not concern litigation between the debt collector and the consumer does not render the false representation immaterial, especially when the false representation is made in a bankruptcy case.

In the context of a bankruptcy case, Midland is seeking to participate in an asset pool; that is, the collector will share collectively with other creditors of the debtor. In this way, Midland's false representations may trigger action from a bankruptcy trustee or another creditor which impacts the debtor even if the false representations may not trigger a direct response from the debtor.[7]

Midland relies on *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009), to argue that mischaracterizing interest as principal may not be material for purposes of a violation of the FDCPA. Yet, the Court in *Hahn* addressed litigation between a debt collector and a consumer in a non-bankruptcy context. Unlike the bankruptcy context, in *Hahn*, the consumer did not contest the accrual of interest on the unsecured debt, or that interest would continue to

---

[7] For example, a party in interest may object to unmatured or post-petition interest. 11 U.S.C. § 502(b)(2) ("[I]f such objection to claim is made, the court . . . shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is for unmatured interest . . . ."). Similarly, a party in interest may file an objection to a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The debtor is a party in interest and may assert each of these objections. *See, e.g.*, *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 372 (4th Cir. 2017) ("Upon filing, a claim is 'deemed allowed' under § 502(a). At that point, the debtor, trustee, or other interested party may file an objection, and the bankruptcy court proceeds under § 502 to adjudicate the validity and amount of the claim *vel non*."); *In re Falwell*, 434 B.R. 779, 789 (Bankr. W.D. Va. 2009) ("A debtor or other party in interest may object to the amount, existence or classification of a claim.").

accrue until the underlying debt was paid. By contrast, in the bankruptcy case, the consumer debtor or the trustee, or even another creditor, could contest the post-petition accrual of interest. If post-petition interest on the unsecured debt is claimed in the bankruptcy case it may support a challenge. On the other hand, if post-petition interest is charged but not reported and instead mischaracterized as principal, it may appear as if no post-petition interest was charged even if it had been. In another way, if the proofs of claim had reported interest which accrued pre-petition, but which had been calculated using a rate greater than the contractual rate or exceeded an applicable statutory rate, and hence claimed a total amount for the claim greater than legally permissible, it could trigger a challenge from the debtor or the trustee. Without correctly reporting the interest, it is impossible to determine if the amount calculated was appropriate. Midland appears to suggest that because in this case the trustee did not object to the claims, the failure to report interest must not have been material. Yet, when the claim did not reveal interest, the trustee may have been deprived of the information about whether interest was charged, and if so, for what period and under what rate. Without this information, the trustee would not have been able to evaluate whether to assert a legal challenge to the claim.

At bottom, dismissal of the complaint for pleading insufficiency turns on whether Midland's practice of simply reporting lump total amounts on a proof of claim for an unsecured creditor, specifically incorrectly reporting interest as principal, would make a difference to a debtor. That is, would any debtor care whether an unsecured creditor failed to itemize interest and principal on a proof of claim? Would a debtor be misled by a mischaracterization or lack of itemization? The answer is yes, a debtor would be misled if interest was reported as principal on

proofs of claim because it could make a difference in a debtor's bankruptcy case. The question before the Court at this stage is pleading sufficiency, not the merits of the complaint.[8]

The complaint charges Midland knowingly acquired debt owed by debtors in bankruptcy and then made a claim to collect on the debt in the bankruptcy case. The complaint charges that Midland had a business practice which caused it to file proofs of claim that did not comply with the Federal Rules of Bankruptcy Procedure. Midland defends that the pleading should fail because even if it violated the rule, the violation is a mere technicality and is not a material false representation.

Unlike some procedural rules, Rule 3001 requires substantive information: the amount of interest and fees must be disclosed. The information may inform the debtor, trustee, or other creditors if a legal challenge is appropriate. The complaint alleges that Midland deprived the plaintiff of this information and knowingly violated the rule. Because Rule 3001 requires a proof of claim to disclose details regarding interest and fees, and this information could inform the plaintiff along with other parties in interest whether a legal challenge is appropriate, the complaint has alleged actions which demonstrate a plausible risk of harm and as such may prove material and not just a technical violation of the rule.

Midland also suggests that the violation is not actionable because the plaintiffs did not plead the specific harm Midland's actions caused. Plaintiffs simply stated "concrete harm" without describing what or how. Unlike other civil actions requiring a demonstration of harm, the FDCPA requires only a showing that a debt collector "use[d] any false, deceptive, or misleading representation or means in connection with the collection of any debt." The plaintiffs have alleged a strictly statutory violation of the FDCPA. All the same, a plaintiff would need to

---

[8] Midland notes in its motion to dismiss that in response to the complaint, it amended the proofs of claim at issue. Mot. to Dismiss ¶ 11. Because the Court is considering whether to dismiss the complaint for pleading insufficiency, the Court does not consider defenses to the merits of the complaint.

9

have an actual controversy to seek recovery in the federal courts. For this reason, courts have imposed requisite materiality for a justiciable cause of action. In this context (violation of FDCPA), although the plaintiff is not required to plead an actual injury, she must at least plead a plausible risk of injury. This is captured by the materiality requirement. It is best explained by the Court in *Spokeo, Inc. v. Robins*:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. See Summers [v. Earth Island Institute], 555 U.S. [488,] 496, 129 S. Ct. 1142 [(2009)] ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing"); see also Lujan [v. Defenders of Wildlife, 504 U.S. 555,] 572, 112 S. Ct. 2130 [(1992)].
> This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness.

136 S. Ct. 1540, 1549 (2016).

Thus, the plaintiff must plead a connection between the statutory breach and a risk of harm. The plaintiffs allege that: (1) Midland filed proofs of claim in amounts greater than the plaintiffs admitted they owed; (2) Midland deprived the plaintiffs accurate information about whether the proofs of claim included interest and fees; (3) Midland falsely answered on the proof of claim that no interest or fees were included in the claim amount; (4) Midland had a reasonable belief the information about the amount of principal on the proof of claim was incorrect; and (5) Midland knew its practice of incorrectly reporting interest as principal violated the bankruptcy rules. The plaintiffs have pleaded facts describing a business practice of reporting principal amounts of credit card debt in bankruptcy cases greater than the plaintiffs admit, then withholding from the plaintiffs information to explain how the amounts in the claim were

derived, in spite of rules requiring disclosure of this information. In this way, the plaintiffs have pleaded a potential injury: the plaintiffs have pleaded how they have been deprived information to evaluate whether to object to the claim which seeks to collect amounts greater than the plaintiffs admit they owe as of the date they filed bankruptcy.[9]

*15 U.S.C. § 1692f*

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Similarly to § 1692e, the statute provides specific examples of violations "[w]ithout limiting the general application" of the prohibition on unfair and unconscionable collection means. *Id.* "[T]he section allows the court to punish any other unfair or unconscionable conduct not covered by the FDCPA." *Lembach v. Bierman*, 528 Fed. App'x 297, 303 (4th Cir. 2013).

The complaint asserts that Midland violated 15 U.S.C. § 1692f because it used unfair and unconscionable means to collect a debt, including but not limited to "a standard practice of filing Proofs of Claim without complying with Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) and without having the ability to comply with Federal Rule of Bankruptcy Procedure 3001(c)(3)(B)." Compl. ¶ 68. The complaint alleges that Midland had sufficient information to file claims that comply with Rule 3001. Compl. ¶¶ 25, 27. The complaint alleges Midland filed claims that did not comply with Rule 3001. Compl. ¶¶ 26, 28. The complaint alleges that Midland learned its practice violated Rule 3001 and knowingly filed claims which did not comply with Rule 3001 anyway. Compl. ¶¶ 31–35. The complaint alleges Ms. Thomas (one of the named plaintiffs) requested the writing underlying Proof of Claim 8 filed by Midland and

---

[9] *See Maddux v. Midland Credit Mgmt., Inc.*, 567 B.R. 489, 499–500 (Bankr. E.D. Va. 2016) (finding that Midland's practice of failing to itemize interest and fees when filing proofs of claim "was misleading," particularly in light of the objective the bankruptcy process "to be fair and inexpensive"); *id.* at 500 (further finding "that the Debtors have been harmed" by Midland's conduct to entitle the debtors to reimbursement of reasonable expenses and attorney's fees caused by the noncompliance).

received no response. Compl. ¶ 42. The complaint alleges that Midland knew or should have known that it would need to provide documentation to a debtor upon request. Compl. ¶¶ 38–40. The complaint alleges that Midland has a "normal practice . . . not to provide the contract." Compl. ¶ 41.

Rule 3001(c)(2)(A) provides that "[i]f . . . a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(2)(A).

Rule 3001(c)(1) requires the claimant to file a copy of the writing with the proof of claim "[e]xcept for a claim governed by paragraph (3)," which governs the claims at issue in the complaint. Rule 3001(c)(3)(B) requires that "[o]n written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision." *Id.* at 3001(c)(3)(B).

Midland asks this Court to dismiss the complaint as not stating an actionable claim under § 1692f because, according to Midland, a technical violation of Rule 3001 does not render a violation of the FDCPA. More specifically, Midland argues, failing to accurately report principal and interest is not "unconscionable" or "unfair" conduct. What is more, Midland asserts it did provide sufficient documentation to comply with Rule 3001(c)(3)(B) and the complaint does not identify facts to show otherwise or to show "unconscionable" or "unfair" conduct.

At this stage, taking the facts as plead as true, the complaint does allege violations of Rule 3001, a practice of knowingly violating the Rule, and a practice of hindering a debtor's ability to readily obtain information regarding the claim. The complaint alleges that Midland (1)

12

knowingly failed to itemize interest and fees on a proof of claim; (2) knowingly reported a total principal which does not accurately reflect the total principal; (3) failed to provide access to a contract; (4) refused to respond timely to a request for the written contract; and (5) intentionally acquired debt in bankruptcy cases but knowingly ignored bankruptcy rules requiring that Midland itemize interest and principal when filing a claim amount for collection in a bankruptcy case. The plaintiffs allege these actions violate § 1692f of the FDCPA as "unconscionable" and "unfair" means to collect a debt.

Assuming the facts are true, the complaint raises a legal question unresolved to date. The complaint alleges Midland had a practice of filing claims to seek recovery from a bankruptcy estate, knew that its practice of reporting amounts on its claims was inconsistent with applicable rules for filing these proofs of claim in a bankruptcy case, and yet did it anyway. The plaintiffs allege this conduct is an unfair means to collect a debt, or an unconscionable means to collect a debt. Midland argues that a Rule 3001 violation does not violate the FDCPA. Midland relies upon cases which address whether the FDCPA is breached by different types of Rule 3001 violations rather than the particular allegations described in this complaint. The plaintiffs have alleged conduct which, if true, describes a debt collection model in bankruptcy cases which could be unfair as that term is used under the FDCPA because it appears to obtain an advantage vis-à-vis other creditors or to potentially collect more than the creditor would have otherwise had it complied with Rule 3001.[10]

For the above reasons, this Court denies the motion to dismiss Count I.

---

[10] As the Supreme Court has explained, "[t]he basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience." *Bruning v. United States*, 376 U.S. 358, 362 (1964); *see also Maddux*, 567 B.R. at 500 (noting "it was the other creditors of the Debtors and not the Debtors themselves who stood to benefit from the Debtors' policing the claims process," based on the potential for a larger pro rata share of the funds available for unsecured creditors).

### Count II: Violations of Federal Rule of Bankruptcy Procedure 3001

In Count II, plaintiffs allege that Midland violated Federal Rule of Bankruptcy Procedure 3001. Specifically, plaintiffs assert that Midland violated Rule 3001(a) "by failing to file a proof of claim that conformed substantially to the Official Form because it failed to accurately disclose that interest, fees, expenses, or charges were included in the claim amount." Compl. ¶ 71.

Additionally, plaintiffs complain that Midland violated Rule 3001(c)(2) "by failing to file with its proof of claim an itemized statement of the interest, fees, expenses, or other charges that were incurred before the bankruptcy petition was filed and which were included in the claim amount." Compl. ¶ 72. The plaintiffs plead that "Defendants should be subject to an appropriate remedy as determined by this Court, and are liable to the Plaintiffs . . . for costs and attorneys' fees." Compl. ¶ 73. Finally, in the Demand for Relief, plaintiffs clarify that the relief sought includes: "[a]n award of the appropriate remedy as determined by this Court for the violations of Federal Rule of Bankruptcy Procedure 3001"; "[a]n award of attorneys' fees"; "[a]n award of litigation costs"; "a Declaration that Defendants violated the law and an injunction against them filing any further Proofs of Claim that violate Federal Rule of Bankruptcy Procedure 3001(a) and 3001(c)(1) and requiring them to have the ability to respond properly to a request for the writing underlying a claim before filing a Proof of Claim"; and "[s]uch other declaratory or injunctive relief as the Court may deem fair and equitable."

Rule 3001(a) provides that "[a] proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). Midland filed its proofs of claim on the Official Form but with incorrect information. Rule 3001(c)(1) requires that if a claim "is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). Subsection

14

(c)(2) provides for additional requirements in an individual debtor case. Salient to the present action, Rule 3001(c)(2)(A) provides that "[i]f . . . a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." *Id.* at 3001(c)(2)(A).

Assuming the facts as alleged in the complaint are true, the complaint pleads that Midland failed to comply with Rule 3001. The question remains, however, whether the plaintiff nonetheless has pleaded grounds for relief for failure to comply with Rule 3001.

Rule 3001 provides for sanctions for failure to comply with Rule 3001(c)(2). After notice and a hearing, the Rule permits the Court to take one or both of two explicit actions. First, the Court may "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless." *Id.* at 3001(c)(2)(D)(i). Second, the Court may "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." *Id.* at 3001(c)(2)(D)(ii).

The plaintiffs have not alleged sufficient facts in the complaint that demonstrate any amounts of expenses or attorney's fees resulting from the failure of Midland to comply with Rule 3001. Plaintiffs focus their request for relief on the second alternative, particularly on the "other appropriate relief" language. Specifically, the plaintiffs request an injunction against Midland "filing any further proofs of claim that violate Federal Rule of Bankruptcy Procedure 3001(a) and 3001(c)(1) and requiring them to have the ability to respond properly to a request for the writing underlying a claim before filing a proof of claim." Compl. ¶ 15.

For this Court to issue a permanent injunction, plaintiffs must satisfy a four-factor test. "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies

15

available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  The facts as alleged do not show how an injunction is warranted.  Because the complaint does not provide sufficient details of the grounds for an injunction, Midland has not been provided appropriate notice of the grounds justifying an injunction in order to adequately respond.  Likewise, Midland has not been provided sufficient notice of the extent of the "attorney's fees" "caused by the failure" to comply with Rule 3001 or "litigation costs."  For these reasons, the Court determines Count II as currently drafted is insufficient because it fails to detail the relief requested and plead sufficient facts that would authorize the injunctive relief requested.  Accordingly, the Court grants the motion to dismiss Count II.

## Leave to Amend

In the Fourth Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  When the aforementioned factors are absent, a court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman*, 371 U.S. at 182 ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").  The plaintiffs responded to Midland's motion to dismiss by requesting leave to amend.  At this point,

16

the parties have not yet conducted discovery, and the Court has not set any trial dates. Midland therefore should not be prejudiced by allowing the plaintiff to amend the complaint.

The complaint describes the actions purporting to violate Rule 3001 but stops short of sufficiently describing the requested relief or showing grounds for some of the requested relief. Because the complaint provides enough detail to show that Rule 3001 may have been breached, it is not futile to permit the plaintiff to amend the complaint to describe what if any appropriate relief is permitted or required. No suggestion has been made nor has the Court identified any signs of bad faith on the part of the plaintiffs in connection with the pleading deficiencies in Count II. For these reasons, the Court finds it appropriate to grant leave to amend.

The Court will contemporaneously issue an Order consistent with the findings and ruling of this Memorandum Decision.

Entered: 11/30/2017

_____
Rebecca B. Connelly
U.S. Bankruptcy Judge