

SIGNED THIS 28th day of September, 2018

*Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| In re:<br>**KAREN M. THOMAS,**<br>        **Debtor.** | **Chapter 13**<br>**Case No. 16-50612** |
| In re:<br>**GARY L. BROOKS, JR. and**<br>**MARY M. GILLESPIE-BROOKS,**<br>        **Debtors.** | **Chapter 13**<br>**Case No. 16-50396** |
| **KAREN M. THOMAS,**<br>**GARY L. BROOKS, JR., and**<br>**MARY M. GILLESPIE-BROOKS,**<br>    **Plaintiffs,**<br>      v.<br>**MIDLAND FUNDING, LLC, and**<br>**MIDLAND CREDIT MANAGEMENT, INC.,**<br>        **Defendants.** | **Adv. P. No. 17-05010** |

## MEMORANDUM OPINION

The Court now faces round two of the dispositive motions to dismiss or dispose of this

adversary proceeding.  In round one, the defendants, Midland Funding, LLC and Midland Credit

Management, Inc. ("Midland"), moved to dismiss the complaint under Rule 12(b)(6) for failure to

state an actionable claim.  The Court denied the motion to dismiss Count I but granted the motion

to dismiss Count II with leave to amend the complaint.  Now in round two, the plaintiffs, Karen

Thomas, Gary Brooks, and Mary Gillespie-Brooks, amended the complaint, and the defendants

move to dismiss the amended complaint under Rule 12(b)(6) or in the alternative compel

arbitration.

This case is about practices of filing proofs of claim in chapter 13 bankruptcy cases that

may violate the Fair Debt Collections Practices Act ("FDCPA")[1] and may not comply with Federal

Rule of Bankruptcy Procedure 3001.  The plaintiffs allege the defendants' business practice

involves filing proofs of claim that the defendants reasonably know contain false statements and

do not comply with Rule 3001 such that the defendants are violating the FDCPA and should be

subject to Court ordered relief for noncompliance with Rule 3001.

## JURISDICTION

Karen Thomas, Gary Brooks, and Mary Gillespie-Brooks are debtors in this Court.

Midland is a creditor in each of the bankruptcy cases.   This Bankruptcy Court has jurisdiction

over these bankruptcy cases by virtue of 28 U.S.C. § 1334(a).  The amended complaint, which is

subject to this motion to dismiss, concerns federal non-bankruptcy law (specifically, the FDCPA)

and Federal Rule of Bankruptcy Procedure 3001.  The plaintiffs have consented to have this Court

issue a final ruling in this adversary proceeding.  Am. Compl. ¶ 3.  The defendants move to dismiss

the amended complaint for failure to state a claim upon which relief can be granted under Federal

Rule of Civil Procedure 12(b)(6), or in the alternative to compel arbitration and strike class

allegations; the defendants have neither challenged this Court's jurisdiction nor moved to dismiss

the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or (b)(2).  *See*

---

[1]        The Fair Debt Collection Practices Act is codified at 15 U.S.C. §§ 1692–1692p.

Fed. R. Bankr. P. 7012(b) (incorporating Federal Rule of Civil Procedure 12(b)–(i) and providing that "[a] responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court."). The Court will issue its ruling on the motions by consent.

## PROCEDURAL HISTORY

The plaintiffs' initial complaint described the proofs of claim that defendants filed in these chapter 13 cases and defendants' actions before and after they filed their claims. The Court determined that the complaint sufficiently pleaded, in Count I, a cause of action under the FDCPA (specifically, 15 U.S.C. § 1692e and § 1692f). As to Count II, the Court found that the complaint sufficiently pleaded how the proofs of claim did not comply with Rule 3001 but concluded that the complaint was so unspecific as to the relief requested that it failed to state a cause of action. The Court granted leave to amend the complaint.

The plaintiffs amended the complaint. In the amended complaint, the plaintiffs recount how after they filed the initial complaint, the defendants amended the proofs of claim. Plaintiffs contend that the amended proofs of claim still fail to adequately comply with Rule 3001. Plaintiffs assert that defendants' practice of first filing claims that violate Rule 3001 and contain false statements, coupled with a practice of not providing complete documentation in response to written requests made by a debtor, and only after service of an adversarial complaint related to the practice, filing amended, yet still deficient, proofs of claim demonstrates conduct which violates the FDCPA.

Defendants naturally disagree. Defendants reiterate that the plaintiffs have failed to state an actionable claim under the FDCPA and insist that the misstatements in the original proofs of claim are simply not material misstatements or material misrepresentations and do not create any

3

plausible risk of injury.  Defendants point out that all the same they amended the proofs of claim.

They purport that the amended proofs of claim attach appropriate documentation and argue that

the amended proofs of claim comply with Rule 3001 and do not violate the FDCPA.

## ANALYSIS

### A.  Motion to dismiss

A motion under Rule 12(b)(6) looks into the legal sufficiency of a complaint.  *RTC Mortg.*

*Tr. v. McMahon*, 225 B.R. 604, 607 (E.D. Va. 1997).  The merits of the claims or the defenses are

not relevant.  The relevant question is whether the plaintiffs pleaded a claim that is more than

conceivable and indeed plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The parties agree that the amended complaint, like the original complaint, sufficiently

meets two of the three necessary elements[2] of a FDCPA action:  that the plaintiffs are "consumers"

as defined by 15 U.S.C. § 1692a(3) and that Midland is a "debt collector" as defined by 15 U.S.C.

§ 1692a(6).  The third element requires a plaintiff to plead the act or omission by which a defendant

has violated the FDCPA.  As in the previous motion to dismiss, the third element remains in

dispute.  The defendants move to dismiss the amended complaint alleging that the facts described

in the amended complaint fail to show an actual violation of the FDCPA, fail to show that any

alleged violation was material, and fail to show a plausible risk of injury from any alleged

violation.  More to the point, defendants refer to the amended facts and allegations in Count I that

describe their amended proofs of claim.  Midland argues these new allegations in the complaint

---

[2]        A plaintiff must plead three elements to state a claim that a defendant has violated the FDCPA.  The first two
elements address identity: (1) the plaintiff must be a "consumer," and (2) the defendant collecting the debt must be a
"debt collector" as defined by the FDCPA.  *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va.
1997).  The third element requires the plaintiff to plead the act or omission by which the defendant has violated the
FDCPA.  *Id.*  When the plaintiff has sufficiently pleaded facts to support these three elements, he or she has made a
prima facie case for a violation of the FDCPA.

4

provide a basis for the Court to dismiss Count I of the amended complaint notwithstanding the Court's earlier ruling denying the motion to dismiss Count I.

### 1. *The amended complaint*

Just as in the original complaint, the plaintiffs are debtors in pending chapter 13 bankruptcy cases, and Midland is one of their creditors. Midland filed proofs of claim in each of the bankruptcy cases. Midland did not itemize interest, fees, or costs when it originally filed its proofs of claim. Midland has since filed amended proofs of claim with some itemization. The entire dispute centers around Midland's business practice associated with filing proofs of claim in bankruptcy cases.

The amended complaint alleges, in addition to what has already been described in this Court's previous ruling: (1) the plaintiffs made formal written requests to defendants for the writings on which the proofs of claim were based; (2) plaintiffs served defendants with the original complaint on July 10, 2017; (3) four days later, on July 14, 2017, defendants filed amended proofs of claim in the two cases of the named plaintiffs; (4) defendants have not amended other proofs of claim that fail to disclose or itemize interest, in other bankruptcy cases in this district; (5) the amended proofs of claim combine fees and interest together as "finance charges"; (6) defendants informed plaintiffs that future proofs of claim will combine fees and interest as finance charges and will separate the amount characterized as finance charges from principal; and (7) the amended proofs of claim attach documentation but not the contract between the debtor and Synchrony Bank. Further, the amended complaint alleges (8) the documentation attached to the amended proofs of claim is insufficient because it fails to provide the contract between the debtor and Synchrony Bank and so deprives the debtor from information such as the contract rate of interest and applicable choice of state law; (9) the documentation fails to include the Purchase Agreement

between Synchrony Bank and Midland and so deprives the debtor of information confirming the extent of Synchrony Bank's ownership in the receivable sold to Midland; (10) the documentation attached to the amended proofs of claim includes a document purporting to be an account statement but it is not an account statement; and (11) "the debtor cannot determine from the documentation provided the amount of finance charges attributable to interest and the amount attributable to fees and other charges."  The amended complaint notes that the documentation attached to the proofs of claim includes information created by Midland that "shows some of the account information that Synchrony Bank regularly makes available to Defendants, including the exact breakdown of the fees and interest charged on the account in that calendar year," but all the same does not set apart the interest separate from the fees on the claim breakdown statement attached to the proofs of claim.  The amended complaint stresses that the proofs of claim fail to attach the agreement between the debtor and Synchrony Bank and alleges that the defendants' practice is to withhold this contract in response to a written request.

The Court has already ruled that Count I of the original complaint meets the pleading standard for a cause of action under FDCPA to defeat a Rule 12(b)(6) motion.  Critical to the Court's ruling was that the facts alleged demonstrated a practice of consciously making false statements on the proofs of claim and ignoring the requirements of Rule 3001.  For example, the original complaint alleged Midland filed proofs of claim in amounts greater than the plaintiffs admitted they owed, Midland deprived the plaintiffs of accurate information about whether the proofs of claim included interest and fees, Midland falsely answered on the proofs of claim that no interest or fees were included in the claim amount, Midland had a reasonable belief that the information about the amount of principal on the proofs of claim was incorrect, and Midland knew its practice of incorrectly reporting interest as principal violated the  Federal Rules of Bankruptcy

Procedure.  This Court noted in its previous ruling that Rule 3001 requires a proof of claim to disclose the amount of interest and fees and that this information could inform the plaintiffs along with other parties in interest whether a legal challenge is appropriate.  The Court concluded that the allegations in the complaint described material misrepresentations in connection with the collection of a debt which may create a plausible risk of injury and may constitute an unfair or unconscionable means to collect a debt.  Putting it all together, the Court determined the plaintiffs sufficiently pleaded a cause of action under the FDPCA regarding the original proofs of claim filed in these chapter 13 cases.

### 2. *The amended proofs of claim*

Now the amended complaint notes Midland amended its proofs of claim. The complaint states the amended proofs of claim attach a statement with a breakdown of the claim into principal amount and "finance charges."  The complaint describes how the amended proofs of claim include language on the face of the attached claim breakdown statement declaring in all capital letters: "THE FINANCE CHARGES REFLECTED ABOVE MAY INCLUDE INTEREST, FEES, OR OTHER CHARGES TO THE ACCOUNT PRIOR TO ACQUISITION BY MIDLAND."  The complaint acknowledges the amended proofs of claim also attach other documents, including a document that discloses interest separate from fees as of a date sometime in the months leading up to the bankruptcy.  Because the document discloses Synchrony Bank's prior breakdown of interest and fees, the plaintiffs allege that had Synchrony Bank filed the claim (instead of Midland who apparently bought the receivable from Synchrony), it could have itemized the interest and fees instead of combining them as "finance charges."  The plaintiffs allege that it is not clear on the amended proofs of claim how to distinguish the interest from the fees, and, without the contract

7

between Synchrony Bank and the debtor, how to know the appropriate state law to apply or interest rate to verify if the interest and fees are appropriate.

At this stage, the Court must consider whether the amended proofs of claim make a difference.  The plaintiffs correctly note that the original proofs of claim did not comply with Rule 3001 and the allegations that Midland's practice of routinely filing claims knowing the claims were defective, coupled with the refusal to provide appropriate information in response to a written request, stated a claim under FDCPA.  The plaintiffs are correct that amending the claims after the complaint does not erase or moot the fact that the original complaint sufficiently pleaded a violation.  But the plaintiffs are also alleging that the practice of filing these amended proofs of claim is part of the FDCPA violations, that the amended proofs of claim do not comply with Rule 3001, and that the amended proofs of claim coupled with the failure to provide the contract also violate the FDCPA.  If the plaintiffs have not alleged facts that show plausible actions given the new facts, the complaint may not meet the standard to defeat a Rule 12(b)(6) motion.

Like the exercise in round one, this Court now must determine if: (1) the amended proofs of claim contain misrepresentations which are material and lead to a plausible risk of harm; (2) the practices alleged in the amended complaint show unfair or unconscionable means to collect a debt; (3) the amended proofs of claim fail to comply with Rule 3001; and (4) if the answers to these questions are "no," whether the plaintiffs have nonetheless pleaded a plausible cause of action.

a. *Do the amended proofs of claim contain misrepresentations?*

Unlike the original proofs of claim, the amended proofs of claim correctly answer "yes" to the question "does this amount include interest or other charges?"  Unlike the original proofs of claim, the amended proofs of claim attach an exhibit labeled "account summary" and describe a "claim breakdown" followed by an itemization that separates the claimed amount among

8

"principal," "finance charges," and "adjustment." Directly beneath the itemization appears the following disclaimer in all capitalized letters: "THE FINANCE CHARGES REFLECTED ABOVE MAY INCLUDE INTEREST, FEES, OR OTHER CHARGES TO THE ACCOUNT PRIOR TO ACQUISITION BY MIDLAND." The amended complaint includes all of these facts.

The amended complaint alleges the defendants use the label "finance charges" for amounts that combine interest with charges and that these combined amounts "are not considered 'Finance Charges' by the federal Truth in Lending Act ("TILA")." The amended complaint alleges the amount on the exhibit attached to the proof of claim statement under the term "finance charges" combines interest and fees. Yet this same exhibit (the claim breakdown statement attached to the proof of claim) discloses, as the complaint admits, that the amount shown for finance charges is likely a lumping of interest, fees, and costs. Midland is telling the reader, in clear language, that the figure underneath the label "finance charges" combines interest and fees. It is hard to see how Midland's statement confessing that it has combined interest, fees, and costs under a single label "finance charges" is a false statement or misrepresentation.[3]

## b. *Are the amended proofs of claim misleading?*

The complaint implies that the label of finance charges is inappropriate per TILA and is misleading. The amended proofs of claim include a disclaimer informing the reader that the claim breakdown lumps interest and fees directly under the term "Finance Charges." Clear and simple language informs the reader that the amounts listed under the term finance charges may include amounts of interest, fees, and costs combined. That the amounts under the term finance charges does include a combination of interest, fees, and costs is a true statement. For this reason, and in

---

[3]    Although the amended complaint alleged the label "finance charges" for a figure which combines interest with fees or costs is "not considered finance charges" under the TILA, the amended complaint did not show how this fact or observation renders an actionable violation of the FDCPA or Rule 3001 in this case.

particular because of the disclaimer, the term finance charges on the attachment to amended proofs of claim does not mislead.  The facts as alleged do not illustrate that the statement (acknowledging lumping) is false, or a misrepresentation, or misleading.  Furthermore the facts as alleged show that the proofs of claim as amended do not contain a false statement.  Consequently, the amended complaint does not state an actionable claim under section 1692e as to the amended proofs of claim.  The motion to dismiss is granted in part as to the section 1692e counts related to the amended proofs of claim but again denied as to the portions of the complaint addressing the practice of filing the original proofs of claim knowing they contain false statements and knowing that they violate Rule 3001.

                    c. *Does the amended complaint show unfair or unconscionable means to collect a debt?*

The amended complaint alleges "Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, including but not limited to a standard practice of filing Proofs of Claim without complying with Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) and without having the ability to comply with Federal Rule of Bankruptcy Procedure 3001(c)(3)(B)."  The plaintiffs largely tie the violation under section 1692f to a practice of routine and intentional violations of Bankruptcy Rule 3001.  This means that if the plaintiffs have not pleaded facts showing a violation under Rule 3001, it is not clear that the complaint has stated a claim under section 1692f.

So, a critical question at the center of this motion to dismiss is what "an itemized statement of the interest, fees, expenses, or charges" means as that phrase is used in Rule 3001.  One reason why this is critical is that the proof of claim form directs the claimant to first answer (yes or no) whether the amount claimed includes interest or other charges, and if the answer is yes, to "attach

10

a statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)."

The defendants contend the amended proofs of claim adequately comply with the requirement contained in Rule 3001 to itemize the interest and fees but the plaintiffs contend they do not.  Further the plaintiffs contend that even if the amended proofs of claim remedy the false statements contained in the original proofs of claim, regardless, the business practice described in the amended complaint sufficiently supports an actionable claim under the FDCPA.   The defendants in turn counter that if the Court finds that the amended complaint sufficiently states an action under the FDCPA, the Court must submit the action to arbitration.

This Court found that in the original complaint, the plaintiffs pleaded facts describing a business practice of reporting on proofs of claim filed in chapter 13 bankruptcy cases principal amounts of credit card debt exceeding the debt amounts the plaintiffs admit, then withholding from the plaintiffs information to explain how the amounts in the claim were derived, despite rules requiring its disclosure.  The plaintiffs pleaded a potential injury: how they were deprived information to evaluate whether to object to the claim which seeks to collect amounts greater than the plaintiffs admit they owe as of the date they filed bankruptcy.

The Court noted in its previous ruling that "Rule 3001 requires substantive information: the amount of interest and fees must be disclosed.  The information may inform the debtor, trustee, or other creditors if a legal challenge is appropriate. . . . Because Rule 3001 requires a proof of claim to disclose details regarding interest and fees, and this information could inform the plaintiff along with other parties in interest whether a legal challenge is appropriate, the complaint has alleged actions which demonstrate a plausible risk of harm and as such may prove material and

not just a technical violation of the rule." *Thomas v. Midland Funding, LLC (In re Thomas)*, 578 B.R. 355, 362 (Bankr. W.D. Va. 2017).

In the amended complaint, however, the pleaded facts describe that the amended proofs of claim answer correctly that the amount claimed includes interest and other charges. In addition, the amended proofs of claim attach a statement containing an itemization with interest and fees combined as "finance charges" plus a statement created by defendants which mirrors a customer credit card statement along with a copy of an actual, somewhat outdated, credit card statement for the account. Both of the credit card statement documents disclose fees separate from interest charges. The risk of injury is that the plaintiffs cannot determine whether they have a valid legal objection to the claim because Midland has withheld information showing the contractual interest rate and applicable state law governing the contract. The complaint alleges Midland is required to provide this information in response to a written request pursuant to Rule 3001, and the complaint further alleges that Midland neither has provided nor intends to provide the documentation. The complaint states "failure to comply with Rule 3001" is an unfair or unconscionable means of collecting a debt.

Plaintiffs allege that the amended claims do not adequately break down interest and fees on the attached statement in noncompliance with Rule 3001. Plaintiffs allege that not providing the contract in response to a written request pursuant to Rule 3001(c)(3)(B) prevents the plaintiffs from determining whether the amounts claimed for interest or other charges are authorized by the contract or applicable law. In this way, the practice of filing claims in noncompliance with Rule 3001, even if the claims do not contain a false statement, violate the FDCPA section 1692f as an unfair or unconscionable means of collecting a debt. Plaintiffs' cause of action, it seems, gets down to whether the defendants comply or do not comply with Rule 3001. Count I alleges a

business practice of deliberate noncompliance with Rule 3001 as a basis for an unfair means to collect a debt. After that, Count II alleges the violation of Rule 3001 and prays for relief under that rule.

On a motion to dismiss for failure to state a claim, the Court does not rule on the underlying merits but only on whether the amended complaint states a claim at all. The amended complaint alleges a business practice of filing proofs of claim that knowingly contain false statements regarding whether the amount claimed includes interest, fees, or other charges, then withholding from debtors the credit card agreement when a written request is made pursuant to Bankruptcy Rule 3001, then amending the proofs of claim only when an adversary proceeding is filed against the defendants, but amending the clams in a manner that is inappropriate and defies Rule 3001. Accepting these facts as true, the amended complaint shows that the debtors had to file a lawsuit in a bankruptcy court before the defendants would amend the proofs of claim and also shows that the debtors, trustee, and other parties in interest are deprived from reviewing the contract in order to evaluate whether the proofs of claim (filed in amounts greater than the debtor admits owing) are incorrect (and accordingly merit objection). In this way, the amended complaint illustrates a plausible risk of injury from the conduct. Without ruling on the merits, the Court determines the amended complaint pleads a cause of action under section 1692f.

*d. Does Count II of the amended complaint state a cause of action for relief under Bankruptcy Rule 3001?*

The amended complaint alleges Midland's business practice causes Midland to file proofs of claim which fail to comply with Bankruptcy Rule 3001. In particular, the amended complaint describes that despite the language of Bankruptcy Rule 3001, Midland (1) files proofs of claim that falsely answer "no" to the question whether the amount claimed includes interest, fees, or other charges; (2) fails to provide the credit card contract in response to a written request for the

writing upon which the claim is based; and (3) files amended proofs of claim that answer "yes" to the question whether the claimed amount includes interest, fees, or other charges yet fail to attach a statement itemizing the interest, fees, and other charges.  The amended complaint requests that the Court, among other relief, (1) order Midland to pay the attorney's fees based on an hourly rate for the time spent in each of the cases for services related to the review and prosecution of the Rule 3001 action, (2) direct Midland to amend the proofs of claim in a manner that complies with Bankruptcy Rule 3001, and (3) require Midland to provide the written credit card agreement in response to a written request.

As a matter of fact, Bankruptcy Rule 3001(c)(2)(A) provides that "[i]f . . . a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."  Fed. R. Bankr. P. 3001(c)(2)(A).  Additionally, Rule 3001(c)(1) requires the claimant to file a copy of the writing with the proof of claim "[e]xcept for a claim governed by paragraph (3)," which governs the claims at issue in the complaint.  Rule 3001(c)(3)(B) requires that "[o]n written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision."  Fed. R. Bankr. P. 3001(c)(3)(B).  When reviewing the amended complaint, and taking the facts as true, the Court finds that the assertions in the amended complaint line up neatly with the language of the Rule.  The amended complaint pretty clearly alleges a violation of Rule 3001.

If a creditor fails to comply with Rule 3001(c)(2), the Rule allows for sanctions for failure to comply.  After notice and a hearing, the Rule permits the Court to take one or both of two explicit actions.  First, the Court may "preclude the holder from presenting the omitted

information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless." *Id.* at 3001(c)(2)(D)(i). Second, the Court may "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." *Id.* at 3001(c)(2)(D)(ii). The committee notes to this Rule express that "[t]he court retains discretion to allow an amendment to a proof of claim under appropriate circumstances or to impose a sanction different from or in addition to the preclusion of the introduction of evidence." Fed. R. Bankr. P. 3001(c) advisory committee's note to 2011 amendment. Rule 3001(c)(2)(D) does not expressly limit who may request relief.

Unlike the original complaint that pleaded nonspecific "appropriate relief" for the consequences of violating Rule 3001, the amended complaint provides for specific relief. The specific relief requested in the amended complaint does not include damages for failure to comply but rather sanctions in the form of attorney's fees related to the Rule 3001 action. Indeed the Rule explicitly authorizes the Court to "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." For the Court to hold that a debtor has no right to the relief specifically provided in Rule 3001 would require the Court to ignore the language in the Rule or insert terms not present. Regardless, at this stage, the issue before the Court is not the merits of the action and whether to award the relief requested but merely whether the amended complaint sufficiently pleads a claim under Rule 3001. For all of the foregoing reasons, the amended complaint sufficiently pleads a claim under Bankruptcy Rule 3001.

The Court denies the motion to dismiss Count I as to the violation of FDCPA section 1692f and denies the motion to dismiss Count II.

B. *Motion to compel arbitration*

Midland asks, if this Court does not dismiss the complaint pursuant to Rule 12(b)(6), to compel arbitration of the FDCPA and Rule 3001 claims.  According to Midland, the credit card contract agreements between Synchrony Bank and these debtors contain mandatory arbitration provisions.

Midland contends that it bought accounts, including those of the debtor plaintiffs in this action, from Synchrony Bank as part of a portfolio of charged off debts.  Midland filed with the Court a redacted copy of its purchase agreement with Synchrony Bank.  What Midland filed is a "Receivables Purchase Agreement" to sell "delinquent credit card account receivables."  ECF Doc. No. 40.  Within this purchase agreement, the parties define "Account" as a "credit account owned by Seller with respect to which there is a Receivable."  The purchase agreement defines "Receivable" as "any credit agreement receivable that is being sold to Buyer pursuant to the terms of this Agreement, as such receivable exists as of the Cut-Off Date, to the extent such receivable is set forth on the Notification File."  The particular credit agreement receivables are identified in the notification file and described in the exhibits to the Receivables Purchase Agreement.  The exhibits to the Receivables Purchase Agreement clarify the specifications for the credit agreement receivables sold to Midland.  As shown in Exhibit G to the Receivables Purchase Agreement, the credit agreement receivables sold are the ones that are for borrowers who have filed chapter 13 bankruptcy within a certain time period of the Receivables Purchase Agreement, for which no proof of claim has been filed and for which the bar date has not passed, plus other specifications about the credit account receivables set out in Exhibit G.  The Receivables Purchase Agreement and exhibits contain certain restrictions on the buyer (*see e.g.*, ECF Doc. No. 40 at 10–11, 39), but otherwise sells the credit agreement receivables to Midland.  The bill of sale attached to the Receivables Purchase Agreement provides "in further consideration of the mutual covenants and

16

conditions set forth in the [REDACTED] Receivables Purchase Agreement . . . Seller hereby transfers, sells, conveys, grants and delivers to Buyers . . . to the extent of its ownership, the Receivables."  It is through this agreement and the bill of sale that Midland apparently came to own the credit agreement receivable for each of the plaintiffs.

Midland points to language in the credit card agreement between the debtors and Synchrony Bank that provides for arbitration of disputes, other than Synchrony Bank's collection action.  The language in the credit card agreement also provides for a waiver of class action participation.  For these reasons, Midland moves this Court to strike the class allegations in the amended complaint, dismiss or stay further proceedings, and compel plaintiffs to assert their claims through arbitration.  Midland also notes, as an alternative, that to the extent ultimate adjudication of Count II would have an impact on the plaintiffs' bankruptcy estates or if arbitration of Count II might pose a potential conflict with the Bankruptcy Code, the Court could retain jurisdiction of the claims of Count II but still compel arbitration in order to allow the arbitrator to determine the other claims but return to the Bankruptcy Court to apply the bankruptcy law to the arbitrator's factual findings.

This adversary proceeding would not exist had the plaintiffs not filed bankruptcy. Apparently because the plaintiffs filed chapter 13 bankruptcy cases when they did, their credit account receivables were sold to Midland.  And then Midland filed the proofs of claim, which are now the subject of this controversy.  Ultimately, the plaintiffs assert that Midland buys credit account receivables of chapter 13 debtors but then does not or cannot comply with Bankruptcy Rule 3001 when it files its proofs of claim in the bankruptcy cases.  Even if these facts constitute an unfair or unconscionable means of collecting a debt, or a violation of bankruptcy rules for which

the bankruptcy rules provide a remedy, the central question is whether Midland has or has not complied with Bankruptcy Rule 3001. This is a bankruptcy matter.

It appears Midland is asking this Court to stay the proceedings and require the plaintiffs to individually pursue arbitration in order for the arbitrator to find whether Midland has or has not complied with Rule 3001. All other essential facts are uncontested. To the extent Midland requests an arbitrator hear and determine whether Midland complied with Rule 3001, the Court finds that it would be inappropriate to compel arbitration of this bankruptcy question. "If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent 'will be deducible from [the statute's] text or legislative history,' or from an inherent conflict between arbitration and the statute's underlying purposes." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) (quoting *Mitsubishi Motors Corp. v Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). In 2005, applying the inherent conflict analysis, the Fourth Circuit agreed with the Second Circuit concluding that "[i]n the bankruptcy setting, congressional intent to permit a bankruptcy court to enjoin arbitration is sufficiently clear to override even international arbitration agreements." *Phillips v. Congelton, LLC* (*In re White Mtn. Mining Co.*), 403 F.3d 164, 168 (4th Cir. 2005) (quoting *In re U.S. Lines, Inc.*, 197 F.3d 631, 639 (2d Cir. 1999)).

Patently, Federal Rule of Bankruptcy Procedure 3001 is a rule of procedure employed by this Court. More specifically, Rule 3001 establishes the basic standards of filing a proof of claim. The Rule sets out the form and content of the proof of claim to be filed with the Bankruptcy Court, who may file the proof of claim with the Bankruptcy Court, what supporting information must be provided to the Bankruptcy Court and parties in interest with the proof of claim, and what evidentiary effect the Bankruptcy Court must give the proof of claim if in compliance with the Rule.

In 2011, Rule 3001 was amended to add Rule 3001(c)(2) "to require additional information to accompany proofs of claim filed in cases in which the debtor is an individual.  When the holder of a claim seeks to recover—in addition to the principal amount of a debt—interest, fees, expenses, or other charges, the proof of claim must be accompanied by a statement itemizing these additional amounts with sufficient specificity to make clear the basis for the claimed amount."  Fed. R. Bankr. P. 3001(c) advisory committee's note to 2011 amendment.  Rule 3001(c)(2) is the subsection which the plaintiffs allege the defendants have violated.

Included in the 2011 amendment was Rule 3001(c)(2)(D), which "sets forth sanctions that *the court may* impose on a creditor in an individual debtor case that fails to provide information required by subdivision (c)."  *Id*. (emphasis added).  As noted above, after notice and a hearing, Rule 3001(c)(2)(D) permits the Court to take one or both of two explicit actions.  First, the Court may "preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless."  *Id*. at 3001(c)(2)(D)(i).  Second, the Court may "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." *Id.* at 3001(c)(2)(D)(ii).

These sanctions, however, are permissive and not mandatory.  *In re Goeller*, Case No. 12-17123-RGM, 2013 WL 3064594, at *2 (Bankr. E.D. Va. June 19, 2013).  The Court therefore may exercise its discretion in determining whether to impose the sanctions provided for by the Rule. The discretionary nature of the imposition of such sanctions comports with the reality that the relief exists solely by force of a rule of procedure.  The Federal Rules of Bankruptcy Procedure are designed and maintained to aid in the just and efficient resolution of matters pending before the Court.  *Cf.* Fed. R. Civ. P. 1 (mandating that the Federal Rules of Civil Procedure "should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  Although the Rules of Procedure may permit sanctions or other penalties as a part of enforcement, the Rules of Procedure do not allow for a private cause of action for damages from violating a rule of procedure (in other words, as noted by Midland, there is no private cause of action to seek damages for a violation of Rule 3001).  Instead Rule 3001 gives the Court authority to patrol the parties before it to achieve the efficient, speedy, and just resolution of adversarial and contested matters.

Consequently, it is nonsensical for the Court to order parties to submit to an arbitrator the task of applying and enforcing a procedural apparatus applicable only before this Court.  The question of whether an alleged violation of Rule 3001 occurred, and if so whether any relief is appropriate, is not a question of fact or law for arbitration.

The Court will not compel the parties to submit procedural mechanisms to arbitration in this case.  For these reasons, the Court denies the motion to compel arbitration as to the Rule 3001 relief under Count II.  This leaves the question as to whether the Court should direct the parties to submit to arbitration the FDCPA claims under Count I.  The FDCPA claims boil down to a determination of whether Midland has complied with the procedural rules governing bankruptcy proceedings.  Again, but for the filing of this bankruptcy case, the Federal Rules of Bankruptcy Procedure would not be triggered and an action claimed thereunder would not exist.  For the same reasons as to Count II, the Court finds it appropriate to retain jurisdiction and determine whether the defendants violated procedural rules before deciding whether it is appropriate to submit the FDCPA implications of such alleged violation to arbitration.

Accordingly, having found that there is an inherent conflict between arbitration and the Bankruptcy Code as to the matters pending in this adversary proceeding, the Court denies Midland's motion to compel arbitration in its entirety.

The Court will contemporaneously issue an Order consistent with the findings and ruling of this Memorandum Decision.