

**SIGNED THIS 28th day of October, 2020**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 13** |
| **KAREN M. THOMAS,** | **Case No. 16-50612** |
| Debtor. | |
| | |
| **In re:** | **Chapter 13** |
| **GARY L. BROOKS, JR. and** | |
| **MARY M. GILLESPIE-BROOKS,** | **Case No. 16-50396** |
| Debtors. | |
| | |
| **KAREN M. THOMAS,** | |
| **GARY L. BROOKS, JR., and** | |
| **MARY M. GILLESPIE-BROOKS,** | |
| Plaintiffs, | |
| v. | **Adv. P. No. 17-05010** |
| **MIDLAND FUNDING, LLC, and** | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | |
| Defendants. | |

## MEMORANDUM OPINION

Before the Court is a motion for partial summary judgment filed by the defendants.[1]  This

adversary proceeding is about practices of filing proofs of claim in chapter 13 bankruptcy cases.

The plaintiffs allege that the defendants violated the Fair Debt Collections Practices Act

---

[1] Throughout this opinion, the Court uses "the defendants" and "Midland" interchangeably to refer to the
defendant parties.

("FDCPA") and filed proofs of claim which do not comply with Federal Rule of Bankruptcy Procedure 3001. Based on these alleged violations, the plaintiffs seek damages, costs, and attorney's fees. The defendants disagree. The defendants answered the complaint and filed a counterclaim against the plaintiffs for a declaratory judgment that they did not violate Rule 3001. At this stage, the defendants ask this Court to grant summary judgment in their favor as to the FDCPA counts contained in the plaintiffs' amended complaint as well as on two counts of its counterclaim complaint.[2] The plaintiffs ask that the defendants' motion be denied. The parties have pled, and the Court held oral argument. The request is ripe for disposition, and the Court thus issues its ruling.

## JURISDICTION

The plaintiffs—Karen Thomas, Gary Brooks, and Mary Gillespie-Brooks—are debtors in this Court. The defendants are creditors in each of the bankruptcy cases. This Bankruptcy Court has jurisdiction over these bankruptcy cases by virtue of 28 U.S.C. § 1334(a). The amended complaint concerns federal non-bankruptcy law (specifically, the FDCPA) and Federal Rule of Bankruptcy Procedure 3001. The plaintiffs have consented to have this Court issue a final ruling in this adversary proceeding. *See* Am. Compl. ¶ 3, ECF Doc. No. 16. In their answer to the amended complaint, the defendants did not explicitly consent to the entry of a final order or judgment by this Court. *See* Fed. R. Bankr. P. 7012(b) (providing that "[a] responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court."). Nevertheless, the defendants have requested this Court enter judgment as a matter of law in their favor as to Count I of the amended complaint, have consented to the entry of a final order on their counterclaim, and do not oppose the entry of a final order as to the

---

[2] The defendants' counterclaim complaint contains three counts. The defendants do not seek partial summary judgment as to the third count of the counterclaim.

motion for partial summary judgment on the counterclaim.  *See* Mot. for Partial Summ. J., at 5 n.3, ECF Doc. No. 84.  The defendants cannot reasonably suggest that they do not wish for this Court to rule on the motion and counterclaim they bring before this Court.  With this in mind, the Court will issue its ruling on the motion for partial summary judgment by consent.

## PROCEDURAL HISTORY

The plaintiffs' initial class action complaint described the proofs of claim that the defendants filed in these chapter 13 cases and the defendants' actions before and after they filed the proofs of claims.  The Court determined that the complaint sufficiently pleaded, in Count I, a cause of action under the FDCPA (specifically, 15 U.S.C. § 1692e and § 1692f).  As to Count II, the Court concluded that the complaint was so unspecific as to the relief requested under Rule 3001 that it failed to state a cause of action.  The Court granted leave to amend the complaint.

The plaintiffs amended the complaint.  In the amended complaint, the plaintiffs recount how after they filed the initial complaint, the defendants amended the proofs of claim.  The plaintiffs contend that the amended proofs of claim fail to adequately comply with Rule 3001.  The plaintiffs assert that the defendants' practice of first filing claims that contain false statements, coupled with a practice of filing proofs of claim that do not comply with Rule 3001, not providing complete documentation in response to written requests made by a debtor, and only after service of an adversarial complaint related to the practice, filing amended, yet still deficient, proofs of claim demonstrates conduct which violates the FDCPA.

The defendants moved to dismiss the amended complaint and to compel arbitration.  *See* ECF Doc. Nos. 20, 21.  The Court granted the motion to dismiss Count I as to the claims under 15 U.S.C. § 1692e related to the amended proofs of claim.  *See* ECF Doc. No. 46.  The Court denied the motion to dismiss the counts under § 1692e as to the original proofs of claim.  The Court denied

3

the motion to dismiss the counts under § 1692f and under Rule 3001. The Court denied the motion to compel arbitration.[3]

Midland filed an answer to the amended complaint. The defendants deny the allegations and point out that all the same they amended the proofs of claim. They purport that the amended proofs of claim attach appropriate documentation and argue that the amended proofs of claim comply with Rule 3001 and do not violate the FDCPA. The defendants also continue to contend the violations of Rule 3001 as to the original proofs of claim do not subject them to sanctions or consequences.

## ANALYSIS

As it sometimes happens, the parties to this dispute characterize the matters at issue in entirely different ways.

The defendants characterize the dispute as simply a question of whether noncompliance with Rule 3001 triggers the FDCPA ever or at all, and whether they are (now) in compliance with Rule 3001. According to the defendants, the complaint alleges a violation of Rule 3001 as the basis for whether the FDCPA has been violated. The defendants argue that the Supreme Court of the United States has concluded that the claims allowance process in bankruptcy is the appropriate and exclusive forum and mechanism to address defects and defenses to proofs of claim. In this way, the defendants insist the practice of filing clams which violate Rule 3001 cannot be a violation of the FDCPA. And so, because the plaintiffs complain of a violation of Rule 3001 as grounds for the FDCPA violation, and because a Rule 3001 violation is not an FDCPA violation, the plaintiffs cannot prevail as a matter of law. The defendants further contend that because they amended their proofs of claim in a manner resembling proofs of claim which other courts have allowed as

---

[3]      The defendants appealed the Court's denial of the motion to compel arbitration. *See* ECF Doc. No. 47. The district court affirmed the bankruptcy court order. *See* ECF Doc. No. 54.

acceptable under Rule 3001, then the Court should grant judgment as a matter of law to declare the amended proofs of claim as compliant with Rule 3001. Finally, defendants contend the Court should not sanction them for noncompliance with Rule 3001.

The plaintiffs, on the other hand, characterize the dispute as about a business practice designed to facilitate noncompliance with the bankruptcy rules related to creditors' claims for payment from a bankruptcy estate. As summarized in the plaintiffs' preliminary statement, the case is about the "Defendants' attempts to collect debts by filing proofs of claim in Plaintiffs' Chapter 13 bankruptcy cases that contained false statements about whether interest or fees were embedded in the claim amounts, and a business practice of not providing the contract documents nor chain of assignments when requested." Am. Compl. ¶ 1, ECF Doc. No. 16.

According to the plaintiffs, Midland deliberately purchased credit card debt of chapter 13 debtors. Then Midland filed in those chapter 13 cases proofs of claim containing false statements. The plaintiffs assert Midland knew it was filing proofs of claim falsely reporting that the amount claimed was entirely principal even though the amount claimed included interest, fees, and costs. The plaintiffs allege Midland knew that by reporting the interest, fees, and costs as principal it could avoid disclosing these items in an itemized statement as required by Rule 3001. The plaintiffs allege only after an adversary proceeding was filed against Midland did it amend the proofs of claim to correct its false statement, yet still Midland did not provide a complete breakdown of the interest, fees, and costs. The plaintiffs contend Midland knew that to file proofs of claim in bankruptcy cases, it must provide an itemization of fees, costs, and interest separate from principal. The plaintiffs allege Midland knew it purchased incomplete information (despite the seller having this information) to permit it to fully comply with the itemization requirement. On top of this, the plaintiffs assert Midland failed to provide the written contract with the proof of

claim and that it regularly does not provide the credit card contract in response to a written request for it. All of this shows, according to the plaintiffs, an unfair or unconscionable means to collect a debt. The plaintiffs complain that a practice of filing false claims, failing to correct the claims unless litigation is filed against it, then intentionally failing to amend the claims in a manner that complies with the bankruptcy rules shows an intentional design to hinder debtors' efforts to obtain information required by the bankruptcy rules and otherwise is an unfair or unconscionable means to collect debts in the bankruptcy context. Not only that, the plaintiffs iterate how the original proofs of claim contained false statements in connection with the collection of a debt.

### I. Motion for Partial Summary Judgment

Midland filed a motion seeking partial summary judgment. *See* Mot. for Partial Summ. J., ECF Doc. No. 84. Midland asserts that there are no genuine issues of material fact and that Midland is entitled to judgment as a matter of law on Count I of the plaintiffs' amended complaint, and partial summary judgment as to Count 1 and Count 2 of the defendants' counterclaim complaint. *See id.* ¶ 1. Midland summarizes the questions of law as:

> (1) whether Plaintiffs' claims under the FDCPA are precluded by the claims-administration process prescribed by the Bankruptcy Code and Rules; (2) whether Defendants' Amended Proofs of Claim were filed in accordance with Fed. R. Bankr. P. 3001; and (3) whether Plaintiffs are permitted to seek sanctions for the filing of Defendants' Original Proofs of Claim under Fed. R. Bankr. P. 3001(c)(2)(D), and, if so, whether such sanctions must be limited only to attorneys' fees actually and reasonably incurred as of the date that Defendants filed the Amended Proofs of Claim.

*Id.* ¶ 14.

In addition, Midland asks this Court for "guidance" "to resolve a recurring issue for the benefit of all who participate in the bankruptcy system, and to ensure that Defendants' practices conform to the requirements of the Bankruptcy Code and Rules." *Id.* ¶ 2.

The plaintiffs filed a response in opposition to the motion for partial summary judgment. *See* Resp. to Mot. for Partial Summ. J., ECF Doc. No. 86. The plaintiffs assert that material facts are in dispute and that Midland's legal arguments are incorrect. *Id.* ¶ 1. According to the plaintiffs, Midland knowingly made false statements, which were neither substantially justified nor harmless, under oath in the proofs of claim filed in the plaintiffs' cases, and the proofs of claim violated Rule 3001. Further, the plaintiffs claim that Midland continues to violate Rule 3001 by not providing contracts upon which the claims are based and by not itemizing fees and interest. The plaintiffs argue that these violations are punishable under both the FDCPA and Rule 3001. Accordingly, the plaintiffs ask that the Court deny the motion for partial summary judgment.

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, applicable here by Federal Rule of Bankruptcy Procedure 7056, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

### B.  Uncontested Facts

The facts underlying this adversary proceeding are relatively simple. The plaintiffs are debtors in pending chapter 13 bankruptcy cases in this Court. *See* Am. Compl. ¶ 12, ECF Doc. No. 16; Ans. ¶ 12, ECF Doc. No. 56. Each plaintiff scheduled debt owed to Synchrony Bank. Am. Compl. ¶ 13, ECF Doc. No. 16; Ans. ¶ 13, ECF Doc. No. 56. Midland filed proofs of claim in each of the bankruptcy cases related to the debt scheduled as owing to Synchrony Bank for open-end credit. Am. Compl. ¶¶ 15, 18, ECF Doc. No. 16; Ans. ¶¶ 15, 18, ECF Doc. No. 56. Midland's originally filed proofs of claim indicated that the claim was entirely unsecured principal

and included zero dollars in interest or fees.  Mot. for Partial Summ. J. ¶ 23, ECF Doc. No. 84;

Resp. ¶¶ 38–41, ECF Doc. No. 86.

On June 15, 2017, each of the plaintiffs filed adversary proceedings against Midland, as a

putative class action complaint on behalf of a class of similarly situated individuals.  Subsequently,

in July 2017, Midland filed amended proofs of claim in each case of the named plaintiffs to note

that the claim includes interest and other charges and attached a "Claim Breakdown," which

discloses the principal balance and the amount of the other charges as "finance charges."  Mot. for

Partial Summ. J. ¶ 26, ECF Doc. No. 84.

### C.  Facts Plaintiffs Allege Are Both Disputed and Material

The plaintiffs list two "material disputed facts" in their response in opposition to the motion

for partial summary judgment.  *See* Resp. to Mot. for Partial Summ. J. ¶¶ 72–73, ECF Doc. No.

86.  Specifically, as written by the plaintiffs, these two facts are:

> 72. When Midland purchases information from Synchrony Bank regarding a portfolio of accounts in bankruptcy, it knows it should to be ready to comply with a request from any interested party, whether a trustee, creditor, or debtor, for a copy of the writing underlying the claim. (Amended Complaint alleges this in Paragraph 38 and 39 but Defendants deny. Plaintiff asserts that the Court can take judicial notice of this as a disputed fact without more evidence.)

> 73. If Synchrony Bank were to file its own claims, Synchrony Bank would be able to determine the interest that is included in the claim amount. (All of the account statements attached to the Burger Declaration show Synchrony tracks the total interest assessed each year and the total interest paid each year, and thus at charge-off the interest in the total claim amount will be the difference between the total interest assessed on the account and the total interest paid on the account. Plaintiff asserts that the Court can take judicial notice of this as a disputed fact without more evidence.)

*Id.*

With the above in mind, the Court will turn to each of the defendants' requests for summary

judgment.

**D.    Are the plaintiffs' claims under the FDCPA precluded by the claims-administration process prescribed by the Bankruptcy Code and Rules?**

In Count I of the amended complaint, the plaintiffs assert that Midland has violated the FDCPA.  The plaintiffs point to two provisions of the FDCPA: 15 U.S.C. § 1692e and § 1692f.  Midland's "false assertion that no interest or fees were included" on the original proofs of claim, according to the plaintiffs, are "false, deceptive, and/or misleading representations or means in connection with collection of a debt" in violation of 15 U.S.C. § 1692e. Am. Compl. ¶ 94, ECF Doc. No. 16.   Further, the plaintiffs contend that Midland's noncompliance with Rule 3001(c)(2)(A) and the inability to comply with Rule 3001(c)(3)(B) are violative of the FDCPA. *Id.* ¶ 95.

Specifically, the plaintiffs allege facts outlining Midland's business practice as one in which it knowingly and intentionally filed proofs of claim containing materially false statements.  In this way, according to the plaintiffs, Midland violated 15 U.S.C. § 1692e.  After the plaintiffs filed the original complaint, Midland filed amended proofs of claim to correct the misstatements.

The plaintiffs allege Midland's standard practice includes filing proofs of claim containing false statements, amending the claims once litigation is filed, withholding documentation in response to a written request, and filing proofs of claim which it knows do not comply with Rule 3001.  According to the plaintiffs, this business practice is an "unfair or unconscionable means" of debt collection by which Midland violated 15 U.S.C. § 1692f.

Midland contends that it is entitled to judgment as a matter of law on all the plaintiffs' FDCPA claims.  *See* Mot. for Partial Summ. J. ¶¶ 1, 11, ECF Doc. No. 84.  Midland summarizes the question of law here as "whether Plaintiffs' claims under the FDCPA are precluded by the claims-administration process prescribed by the Bankruptcy Code and Rules." *Id.* ¶ 14.  As described by the defendants,

9

> Defendants are entitled to summary judgment on Count 1 of the Amended
> Complaint because Plaintiffs' FDCPA claims are precluded by the Bankruptcy
> Code (and the claims-allowance process prescribed by the Bankruptcy Rules), for
> the reasons stated by the Supreme Court in *Midland v. Johnson*, and as recognized
> by other bankruptcy courts that have dismissed identical FDPCA claims based on
> alleged deficiencies in the itemization required by Rule 3001(c)(2)(A).

*Id.* at 8.

The main thrust of Midland's contentions here is that the FDCPA is inapplicable to the

allegations raised in the amended complaint because the Bankruptcy Code and Federal Rules of

Bankruptcy Procedure provide the exclusive means to address the purported misconduct (which

Midland contends is solely whether the proofs of claim violated Rule 3001).  *See id.* ¶¶ 11, 12, 28.

Filing an objection to claim through the claims allowance process, according to Midland, should

be the exclusive means to right these supposed wrongs; after all, these would not be issues outside

of a bankruptcy case.

Midland bases its argument primarily on the Supreme Court's opinion in *Midland Funding,*

*LLC v. Johnson*, 137 S. Ct. 1407 (2017).  This argument is bolstered, Midland argues, by opinions

from other federal courts interpreting *Midland v. Johnson* to bar FDCPA claims based on the filing

of proofs of claim.  *See, e.g.*, *Derby v. Portfolio Recovery Assocs., LLC (In re Derby)*, Adv. P. No.

18-03097-KLP, 2019 WL 1423084 (Bankr. E.D. Va. Mar. 28, 2019); *Morris v. Midland Funding,*

*LLC*, No. 19-cv-795, 2019 WL 4142714 (D. Minn. Aug. 29, 2019); *Gibbs v. Resurgent Capital*

*Servs., L.P.*, No. 19-cv-1844, 2020 WL 319657 (D. Minn. Jan. 21, 2020); *In re Martin*, 617 B.R.

866 (Bankr. S.D. Miss. 2020).[4]

---

[4]    While the matter was pending under advisement, without leave of court, Midland filed supplemental briefing
to let the Court know of an additional case that follows this line of cases.  *See* ECF Doc. No. 96.  Specifically, Midland
points out that the court in *Yavorka v. Midland Credit Mgmt., Inc.* agreed with the court in *Gibbs* and *Morris*.  C.A.
No. 19-122, 2020 WL 5747832, at *3 (W.D. Pa. Sept. 25, 2020).  The court in *Yavorka* ruled that the Bankruptcy
Code and Rules were the exclusive remedy for the FDCPA counts in that complaint and granted Midland's motion to
dismiss, basing its ruling in part on the fact that the itemization requirement does not exist in the FDCPA.

The Supreme Court of the United States addressed whether the filing of a proof of claim which "on its face indicates that the limitations period has run" violates the FDCPA in *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017).  Ultimately, the Supreme Court determined that the filing of proofs of claim for time-barred claims was neither "false, deceptive, or misleading" nor "unfair" or "unconscionable" under the FDCPA.  *See id.* at 1411.  Even though the chapter 13 debtors had the ability to assert the statute of limitations as an affirmative defense to the claims, the applicable state law "provide[d] that a creditor has the right to payment of a debt even after the limitations period has expired."  *Id.*  Based on the broad definition of "claim" under the Bankruptcy Code, the Supreme Court found that the creditor had a claim (i.e., a "right to payment") and so filing a proof of claim when the debtor had available defenses to the debt was not "within the scope of any of the five relevant words of the Fair Debt Collection Practices Act."  *Id.* at 1411–12.

Midland's motion for partial summary judgment relies heavily upon *In re Derby*.  In *Derby*, the Bankruptcy Court for the Eastern District of Virginia addressed a motion to dismiss a complaint for failure to state a claim under similar facts and allegations as the current action.  The bankruptcy court addressed whether remedies are available under the FDCPA based on a purported violation of Rule 3001.  The *Derby* court interpreted the Supreme Court ruling in *Midland v. Johnson* to find that "when a creditor's alleged misconduct involves the filing of a proof of claim in a

---

The plaintiffs in this adversary proceeding filed a response to the additional briefing, asking that the Court allow the plaintiffs three days to brief a response to the defendants' supplemental briefing.  *See* ECF Doc. No. 97.  The Court granted the request.  *See* ECF Doc. No. 98.

The plaintiffs filed their response brief on October 20, 2020.  *See* ECF Doc. No. 99.  The plaintiffs highlight that Judge Gibson, who is a judge in the same district as the judge who issued the *Yavorka* opinion, issued an opinion in *Howard v. LVNV Funding, LLC*, finding that FDCPA counts are not precluded by the Bankruptcy Code.  Case No. 3:19-cv-93, 2020 WL 978653 (W.D. Pa. Feb. 28, 2020).  As the plaintiffs note, the *Howard* court explained that a "debt collector can comply with both the FDCPA and the Code by accurately reporting the amount of the debt and itemizing interest and other fees."  *See id.* at *4.

The differing outcomes in *Yavorka* and *Howard* are representative of the differing views of courts, even within the same district, on the issues presented in the motion for partial summary judgment presently under advisement.  With these additional opinions in mind, the Court continues with its ruling.

bankruptcy case for a debt that would be enforceable under state law, the Bankruptcy Code and Rules provide the exclusive means for addressing the allowance of the claim and the creditor's misconduct." *Derby*, 2019 WL 1423084, at *5.

Quoting *Derby*, Midland asserts that "[t]he substance of Count 1 is essentially that [Defendants] intentionally failed to comply with the procedural requirements of Bankruptcy Rule 3001." Mot. for Partial Summ. J. ¶ 40, ECF Doc. No. 84 (quoting *Derby*, 2019 WL 1423084, at *5 n.18). But that is only the half of it. Count I of the amended complaint is more than merely alleged violations of Rule 3001. Explicitly, Count I asserts as a basis for relief under the FDCPA not only violations of Rule 3001 but also the more traditional FDCPA allegations of the use of false, deceptive, and/or misleading representations or means in connection with collection of a debt. The Court will first address the latter.

### 1. *False statements contained in the proofs of claim*

#### a. *The original proofs of claim*

One central disagreement in this adversary proceeding is whether filing proofs of claim containing false statements is a violation of the FDCPA. The defendants argue that false representations on a proof of claim are merely violations of Rule 3001 and should exclusively be addressed through the remedies afforded debtors under the Federal Rules of Bankruptcy Procedure. Consequently, the defendants argue, the plaintiffs cannot prevail on their FDCPA counts as to the original proofs of claim as a matter of law. By contrast, the plaintiffs insist the systemic practice of filing proofs of claim with false statements, designed to avoid Rule 3001, violates the FDCPA and cannot be resolved through Rule 3001.

The first statutory basis the plaintiffs assert for a violation of the FDCPA is 15 U.S.C. § 1692e. That section provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.

§ 1692e.  Section 1692e further lists examples of conduct that violates this section, including "[t]he

false representation of—(A) the character, amount, or legal status of any debt" and "[t]he use of

any false representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer."  15 U.S.C. § 1692e(2), (10).  The plaintiffs allege that

Midland violated this section before it amended it proofs of claim by "the false assertion that no

interest or fees were included in the amount of each Proof of Claim, and that Defendants had a

reasonable belief in the accuracy of the information" in the original proofs of claim.  Am. Compl.

¶ 94, ECF Doc. No. 16.

The inquiry under 15 U.S.C. § 1692e in this adversary proceeding is whether Midland, a

"debt collector," "used any false, deceptive, or misleading representation or means in connection

with the collection of any debt" when it represented, falsely, that the amount claimed for collection

in the bankruptcy case did not include interest or other charges.  This inquiry differs from the

inquiry whether Rule 3001 was violated because the Rule addresses *how* the amount claimed

should be supported but does not address *whether* the claimant may intentionally make materially

false statements regarding the amount claimed.  The plaintiffs assert damages against Midland for

its practice of intentionally making false statements on its proofs of claim.  Midland asks the Court

to grant judgment as a matter of law against the plaintiffs because it asserts Bankruptcy Rule 3001

precludes the plaintiffs' inquiry.  Yet, the defendants have not shown, nor argued, how Rule 3001

pertains to, or addresses, this part of the plaintiffs' inquiry.  Put differently, the defendants have

not shown how Rule 3001 addresses intentional materially false statements made in connection

with proofs of claim in a bankruptcy case.  The defendants make a compelling case that actions to

determine the allowed amount of a proof of claim are addressed through Rule 3001 but fail to

make the case that actions to address deliberate false representations made in connection with collection of a debt in bankruptcy are addressed through Rule 3001.[5]

The second statutory basis the plaintiffs assert for the FDCPA violation is 15 U.S.C. § 1692f.  The plaintiffs couple their assertions of false statements with their pleas of an unfair and unconscionable means to collect the debt.  In other words, the unfair or unconscionable means to collect the debt occurred, according to the plaintiffs, because the defendants first falsely reported the claim as entirely principal and therefore avoided any itemization.  The false statements made on the proofs of claim are, according to the plaintiffs, intentional to avoid compliance with Rule 3001; by falsely reporting no interest or fees, the claimant does not have to provide the itemized statement of interest, fees, expenses, or charges.  The plaintiffs complain the defendants make false statements on their proofs of claim, withhold information from the debtor (including the credit card agreement), refuse to correct the claim until litigation is filed, and only amend the claim once litigation is filed but still without a full breakdown of the amount by lumping fees, costs, and interest (instead of itemizing these) without justification.

The defendants insist the bankruptcy claims allowance process is sufficient to address the plaintiffs' grievances and so the plaintiffs cannot prevail under the FDCPA.  And if this case was just about determining allowance of the amount of the claim, the Court would agree.  If a plaintiff contests the amount or validity of the claim, she has a process by which to do so, within the Bankruptcy Code and Rules.  Yet the plaintiffs in this adversary proceeding allege more than

---

[5]     The defendants focus on why the FDCPA does not apply at all, rather than why the FDCPA as applied does not support judgment for the plaintiffs.  The defendants' arguments vary from the traditional summary judgment analysis (whether material facts which would make a difference to the outcome are in dispute, and if not, why those facts do not support judgment for the plaintiff based on the application of the statute to those facts).  The defendants seek summary judgment because, according to them, the claims allowance process precludes an FDCPA action, and not because the uncontested facts fail to permit a verdict for the plaintiffs for an FDCPA action if it was not precluded by the claims allowance process. For this reason, the Court need not consider whether the disputed facts identified by the plaintiffs are material and therefore germane to the Court's ruling on the motion for summary judgment.

simply a disagreement as to the amount or validity of the proofs of claim. The plaintiffs imply that the defendants filed the original proofs of claim with false representations to avoid the Rule 3001 requirement to provide the itemization. The plaintiffs allege the defendants routinely withhold the written credit card contract or the purchase contract for the debt in response to a written request, and as such hinder debtors' ability to determine whether it is appropriate to object to the claim. The plaintiffs allege the defendants refuse to amend or correct the proofs of claim without litigation. The plaintiffs allege the defendants file amended proofs of claim which fail to provide sufficient itemization. The plaintiffs allege defendants refuse to share relevant information which would establish whether the failure to comply with Rule 3001 is substantially justified. The defendants deny some of the plaintiffs' assertions. All the same, the defendants ask the Court to enter judgment as a matter of law based on the legal conclusion that the FDCPA is inapplicable to the plaintiffs' complaints. This Court disagrees.

Judgment as a matter of law is inappropriate at this juncture. The plaintiffs allege false representations made on the *original* proofs of claim along with the practice described to obstruct enforcement of Rule 3001. These allegations do not fall *within* Rule 3001 and so it is not clear how Rule 3001 provides the exclusive means to remedy the misconduct. Put differently, because the plaintiffs have described conduct that could violate 15 U.S.C. § 1692e and § 1692f and is not specifically addressed under Rule 3001, Count I of the plaintiffs' amended complaint is not precluded by the claims administration process prescribed by the Bankruptcy Code and Rules. To be clear, the question in this motion is whether deliberately filing proofs of claim with materially false statements is exclusively addressed under Rule 3001, but not whether the uncontested facts in this adversary proceeding permit (or not) a verdict for the plaintiffs under the provisions of the FDCPA regardless of Rule 3001. The Court concludes the plaintiffs' claims under the FDCPA

are not precluded by the claims-administration process prescribed by the Bankruptcy Code and Rules.

This conclusion is not irreconcilable with the Supreme Court's decision in *Midland v. Johnson*. In that case, the Supreme Court determined that the claims at issue were valid claims as that term is defined in the Bankruptcy Code. The Supreme Court noted that the underlying debts were debts under the applicable state law. What is more, the proof of claim "on its face indicate[d] that the limitations period ha[d] run" and indeed contained no false representations. *Midland v. Johnson*, 137 S. Ct. at 1411. Accordingly, simply because the debtors may have had an affirmative defense that the debts were barred by the statute of limitations, asserting these time barred claims was not false, deceptive, or misleading, and the filing of the proofs of claim was not unfair or unconscionable. The creditor held a valid claim in each case and filed a proof of that claim.

The Court agrees that Midland in *Midland v. Johnson* and Midland in this adversary proceeding share similar qualities (beyond just being the same entity). Midland, the defendant in this adversary proceeding, also holds a valid claim in each case and filed a proof of claim for each claim. The difference with Midland in the instant adversary proceeding is that it filed proofs of claim with false representations, not merely that it filed claims to which there may be a valid affirmative defense.

Filing proofs of claim containing materially false statements, and apparently doing so deliberately, is not a ministerial act dealt with under an administrative procedural rule. Certainly, the claims allowance process remains in place for the determination of the amount of Midland's claims. If the plaintiffs' requests were limited to a request that this Court determine the allowed amount of Midland's claim, then the FDCPA would be an imprudent avenue for relief. The plaintiffs, however, assert not a request to determine the amounts of the allowed claims but a

request for this Court to decide whether the defendants violated provisions of the FDCPA in filing the original proofs of claim.

### b. The amended proofs of claim

Yet, after all, Midland amended the proofs of claim and corrected the false statements. As to the amended proofs of claim, this Court determines the amended proofs of claim do not contain false statements and are not misleading. Had the proofs of claim been filed that way originally (that is, had the proofs of claim been filed with correct, truthful statements that the amount claimed included interest, fees, and charges in addition to principal), then the inquiry would be solely as to whether those claims complied with Rule 3001, not whether they were false or misleading. Had the proofs of claim been filed without the false statement, then, as this Court previously ruled in this adversary proceeding, § 1692e would not apply. Although filed without a false statement, the proofs of claim may have violated Rule 3001. To the extent the plaintiffs seek relief under § 1692f for violations of Rule 3001 (but not false statements made in the proofs of claim), the Court agrees with Midland that Rule 3001 provides the means and remedy to address such noncompliance, if such noncompliance exists. To the extent plaintiffs seek relief under § 1692f solely related to proofs of claim which may violate Rule 3001 but do not contain false or misleading statements, the inquiry is reduced to whether noncompliance with Rule 3001 alone is an unfair or unconscionable means of collecting a debt. As to this question, the Court agrees with the defendants: filing a claim that violates Rule 3001 (but is not otherwise false or misleading) subjects the claim to objection and the claimant to consequences. *See* Fed. R. Bankr. P. 3001(c)(2)(D). The claims objection process and Rules provide a sufficient means to address the unfairness created by violations of the Rules, but not, however, if the practice is to make material

misrepresentations to avoid compliance with the Rules and simultaneously employ a practice to obstruct the enforcement of the Rules.

In its motion for partial summary judgment, however, Midland is asking this Court to rule as matter of law that plaintiffs cannot prevail on an action under the FDCPA regarding the filing of the original proofs of claim in which the defendants deliberately made false statements. For all the reasons noted in the previous paragraphs, Midland's motion for judgment as a matter of law that the original proofs of claim containing false statements cannot violate the FDCPA is denied.

**E. Were the defendants' amended proofs of claim filed in accordance with Rule 3001?**

Midland asks this Court to grant partial summary judgment in its favor on Count 1 of its counterclaim. Count 1 of the counterclaim filed by Midland seeks declaratory judgment related to the amended proofs of claim it has filed. Specifically, Midland's counterclaim requests that the Court enter an order declaring broadly that the amended proofs of claim were filed in compliance with Rule 3001 and more specifically that the "Claim Breakdown" in the proofs of claim are a sufficient and acceptable form of itemization required by Rule 3001(c)(2)(A). Ans. at 26, ¶ 33, ECF Doc. No. 56. In its motion for partial summary judgment, Midland characterizes the question of law on Count 1 of the counterclaim as "whether Defendants' Amended Proofs of Claim were filed in accordance with Fed. R. Bankr. P. 3001." *See* Mot. for Partial Summ. J. ¶ 14, ECF Doc. No. 84.

In response to the request for summary judgment on Count 1 of Midland's counterclaim, the plaintiffs request the Court defer ruling to allow the plaintiffs time to conduct discovery regarding the counterclaim. Resp. to Mot. for Partial Summ. J. ¶ 106, ECF Doc. No. 86. The plaintiffs identify five areas in which they wish to conduct discovery related to Count 1 of the counterclaim:

18

a. Whether or not it would be difficult for Synchrony Bank to provide Midland with the separate itemization of the fees and interest embedded in any credit card account when it transfers data to Midland if Synchrony Bank does not already provide that information;

b. Why Midland resists separately itemizing fees and interest on proofs of claim;

c. Whether or not it would be difficult for Midland to adjust its computer system to file proofs of claim that provide the separate itemization of fees and interest rather than just their total;

d. Any additional costs Midland would incur for the separate itemization, and how those costs compare to the money Midland expects to make on its bankruptcy portfolios; and

e. The separate itemization of interest and fees for Claim 10 filed against Gary Brooks in his bankruptcy, and the basis for the interest and the basis for the fees.

*Id.*

The plaintiffs assert that discovery on these issues is necessary to "inform the Court whether or not the Amended Proofs of Claim 'substantially comply' with Rule 3001." *Id.* ¶ 107. Further, the plaintiffs argue that the discovery is needed to show the Court what information Midland had access to and, based on that information, to provide the Court with various ways in which Midland could have filed its claims or how it could potentially alter its filing practices to better comply with the requirements of Rule 3001. *Id.* The plaintiffs summarize the "core legal disagreement between the parties" as "whether the Rule 3001 requirement to itemize interest and fees embedded in a claim requires these numbers to be stated separately or merely their sum." *Id.* ¶ 110. The plaintiffs argue that discovery is necessary so the Court has all the information about the access to information that Synchrony Bank and Midland have in order to determine what is required by Rule 3001. *Id.* ¶ 110.

### 1. *Rule 3001*

Federal Rule of Bankruptcy Procedure 3001(a) requires that "[a] proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). If the debtor in a particular case is an individual, and "[i]f, in addition to its principal amount, a claim includes

interest, fees, expenses, or other charges incurred before the petition was filed, an itemized

statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."  Fed.

R. Bankr. P. 3001(c)(2)(A).  In addition, "[w]hen a claim is based on an open-end or revolving

consumer credit agreement," the proof of claim must include a statement that includes, if

applicable:

> (i) the name of the entity from whom the creditor purchased the account;
> (ii) the name of the entity to whom the debt was owed at the time of an account
> holder's last transaction on the account;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.

Fed. R. Bankr. P. 3001(c)(3)(A).

Midland filed amended proofs of claim in each case of the named plaintiffs using Official

Form 410.  In Part 2, Question 7 on the amended proof of claim, Midland checked "Yes" in

response to "Does this amount include interest or other charges?"  If checking "Yes," the form

contains the instruction for the claimant to "[a]ttach [a] statement itemizing interest, fees,

expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)."  Midland attached to each

proof of claim an "Account(s) Summary," which contains the "Claim Breakdown" at issue in this

request for summary judgment.   The breakdown contains information on four amounts:  (i)

principal, (ii) finance charges, (iii) adjustment, and (iv) total claim amount.  The account summary

also includes a bold disclaimer:

> **\*MIDLAND FUNDING ACQUIRED THE BALANCE ON THIS CLAIM AS
> PRINCIPAL ONLY. THE ABOVE CLAIM BREAKDOWN REFLECTS
> THE AMOUNTS DISCLOSED TO MIDLAND BY THE SELLER THAT
> ACCRUED PRIOR TO CHARGE-OFF AND MIDLAND'S PURCHASE OF
> THE ACCOUNT. THE FINANCE CHARGES REFLECTED ABOVE MAY
> INCLUDE INTEREST, FEES, OR OTHER CHARGES TO THE ACCOUNT
> PRIOR TO ITS ACQUISITION BY MIDLAND. MIDLAND FUNDING HAS
> NOT ADDED INTEREST, FEES, EXPENSES OR OTHER CHARGES
> SINCE ACQUISITION OF THE BALANCE. IF AN "ADJUSTMENT" IS**

**LISTED ABOVE, THIS AMOUNT REFLECTS ANY REDUCTION OF THE
BALANCE OF THE ACCOUNT SINCE CHARGE-OFF.**

Midland also attached to the amended proofs of claim what resembles a credit card statement from

Synchrony Bank.

As noted by Midland, this Court has already held that the amended proofs of claim filed

by Midland are not deceptive or misleading under the FDCPA. *Thomas v. Midland Funding, LLC

(In re Thomas)*, 592 B.R. 99, 106 (Bankr. W.D. Va. 2018).  The question yet unanswered is

whether these amended proofs of claim are in full compliance with Rule 3001(c)(2)(A).

Midland notes that its proofs of claim reflect the acceptable forms of itemization as

provided by the Honorable Kevin R. Huennekens as exhibits to his order in *In re Maddux*, No. 15-

33574, ECF Doc. No. 153 (Bankr. E.D. Va. Feb. 16, 2017).  *See* Mot. for Partial Summ. J. ¶ 53,

ECF Doc. No. 84.  As additional support, Midland cites two cases from other bankruptcy courts

which seem to sanction the use of the examples set forth by Judge Huennekens.  *See Derby v.

Portfolio Recovery Assocs., LLC (In re Derby)*, Adv. P. No. 18-03097-KLP, 2019 WL 1423084

(Bankr. E.D. Va. Mar. 28, 2019) (Phillips, J.); *In re Jowers*, No. 16-80101, ECF Doc. No. 63, at 2

(Bankr. D.S.C. July 13, 2017) (noting that debtor's counsel did not object to the form of itemization

in that case and "the breakdown proposed by Defendants in their motion is sufficient, *for the

purposes of Ms. Jowers' bankruptcy case*, to comply with Federal Rule of Bankruptcy Procedure

3001(c)(2)(A)") (emphasis added).  Midland asserts that the amended proofs of claim substantially

comply with Rule 3001(c)(2)(A) by (i) checking the box "Yes" that each claim includes interest

or other charges and (ii) attaching to the proof of claim a "claim breakdown" providing a single

line reporting "finance charges" included in the claim.  *See* Mot. for Partial Summ. J. ¶ 61, ECF

Doc. No. 84.

The defendants are correct that Judge Huennekens in *Maddux* and Judge Phillips in *Derby* ruled that the proofs of claim at issue before them were acceptable.  The plaintiffs are also correct that those rulings were specific to the procedural posture, and facts, of those cases.  This Court will do the same:  consider the amended proofs of claim identified in this adversary proceeding with an eye to whether the proofs of claim satisfy Rule 3001.[6]

In this adversary proceeding, the amended proofs of claim at issue provide both the account summary and an account statement to supplement the claim.  The account summary reports the total principal of the claim and reports a combined figure for the interest and fees.  That is, the account summary does not itemize interest and fees; it combines them.  The account statement, on the other hand, provides the amount of interest, the amount of fees, the amount of principal, and the total amount claimed.  It seems as if Midland is asking this Court to rule as a matter of law that "a statement itemizing interest, fees, expenses, and other charges" means a statement combining interest, fees, expenses, and other charges.[7]  The plaintiffs ask the Court to allow discovery before ruling on the meaning of "itemize."

---

[6]    The Court declines the defendants' invitation to resolve issues not before it.  Midland requests that this Court "resolve a recurring issue for the benefit of all who participate in the bankruptcy system, and to ensure that Defendants' practices conform to the requirements of the Bankruptcy Code and Rules."  *See* Mot. for Partial Summ. J. ¶ 2, ECF Doc. No. 84.  Midland has not shown the Court what the "recurring issue" is which will benefit "all who participate in the bankruptcy system" or how this Court can "ensure that Defendants' practices conform to the requirements of the Bankruptcy Code and Rules."   The defendants voluntarily purchased debt owed by debtors in bankruptcy: they chose to participate in the bankruptcy system.  They assumed the responsibility to ensure their practices conform to bankruptcy law.  It is not clear how a court can "ensure" this for them.  More importantly, the Rules are clear and are the product of deliberation, as well as public participation and comment.  It appears the defendants may be asking this Court to do what has already been done by the Advisory Committee on the Federal Rules.

[7]    The defendants assert that the Claim Breakdown's separation between "principal" and "finance charges" is "sufficient specificity to make clear the basis for the claimed amount."  Reply ¶ 34, ECF Doc. No. 90 (quoting Fed. R. Bankr. P. 3001 advisory committee's notes to 2011 amendments).  According to the defendants, the delineation between principal and a lump sum of non-principal amounts "is all that is required to demonstrate substantial compliance with Rule 3001(c)(2)(A)."  *Id.*  If that is all that is required, it remains unclear why the amendments to Rule 3001 were drafted with such specificity to require "a statement itemizing interest, fees, expenses, and other charges" instead of simply a breakout of principal and "other."

This Court determines it is not necessary to define "itemize" or opine on how a creditor should or should not comply with the bankruptcy rules. The Rules apply to all creditors and the language is generally clear. The Rules have been promulgated after public comment and much deliberation. This Court sees no need to instruct how to comply with the directives of the Rules. Rule 3001 provides that "[i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." By the terms of the Rule, the claimant "shall" file a statement itemizing the interest, fees, expenses, or charges. The Rule does not provide an exception. The Rule requires itemization of interest, fees, expenses, or charges. The Rule does not describe lumping or combining fees, costs, and interest.

Further discovery on this issue will not make a difference as to the meaning of the language in Rule 3001. Further discovery will not determine the meaning of "itemize" in the context of this particular adversary proceeding. That is, the Court may interpret whether the Claim Breakdown statements contain the itemization under Rule 3001 or not without the benefit of additional discovery in this adversary proceeding. Besides, the Court has before it the amended proofs of claim and may review them to determine whether those claims have complied with the itemization requirement of Rule 3001(c)(2)(A).

In this adversary proceeding, the "Claim Breakdown" filed with the amended proofs of claim do not itemize interest, fees, and costs as required by Rule 3001.

**F.   Are the plaintiffs permitted to seek sanctions for the filing of the defendants' original proofs of claim under Rule 3001(c)(2)(D), and, if so, must such sanctions be limited only to attorneys' fees actually and reasonably incurred as of the date that the defendants filed the amended proofs of claim?**

The plaintiffs ask this Court to impose appropriate sanctions under Rule 3001. *See* Am. Compl. ¶ 100, ECF Doc. No. 16. Midland seeks a declaratory judgment on Count 2 of the

counterclaim that it is not subject to any sanctions for the originally filed proofs of claim. If the

Court disagrees with this request, Midland asks in the alternative that the Court limit any monetary

sanction to the amount of attorneys' fees actually and reasonably incurred as a result of the

noncompliance with Rule 3001 prior to the filing of the amended proofs of claim. In the motion

for partial summary judgment, Midland presents the question of law on Count 2 of the

counterclaim as two-fold:

> [1] whether Plaintiffs are permitted to seek sanctions for the filing of Defendants'
> Original Proofs of Claim under Fed. R. Bankr. P. 3001(c)(2)(D), and, [2] if so,
> whether such sanctions must be limited only to attorneys' fees actually and
> reasonably incurred as of the date that Defendants filed the Amended Proofs of
> Claim.

*See* Mot. for Partial Summ. J. ¶ 14, ECF Doc. No. 84.

The Court has found that the originally filed proofs of claim did not comply fully with Rule

3001(c). Because Rule 3001(c)(2)(D) provides for the possible imposition of sanctions for failure

to comply with Rule 3001(c), the Court disagrees with Midland that it is not subject to sanctions

for its failure to comply. Because the plaintiffs had to take action to compel Midland to file

amended proofs of claim to correct its misstatements, the Court finds the plaintiffs are permitted

to seek sanctions for the originally filed proofs of claim under Rule 3001.

As an alternative request, because the plaintiffs seek relief under Rule 3001(c)(2)(D),

Midland argues that the relief, if any, should be of the type awarded under Rule 3001(c)(2)(D).

Midland suggests that the proper remedies include loss of the claims' prima facie validity, the

preclusion of the holder of the claim from presenting the omitted information as evidence in any

contested matter or adversary proceeding, or the award of other appropriate relief, including

reasonable expenses and attorney's fees caused by such failure. *See* Mot. for Partial Summ. J. ¶¶

65, 66, ECF Doc. No. 84.

The plaintiffs disagree that summary judgment should be granted on Count 2 of the counterclaim. Instead, the plaintiffs request that the Court defer ruling until the plaintiffs can proceed with discovery on Count 2 of the counterclaim. The plaintiffs point to seven issues on which it would like to proceed with discovery before the Court rules on this part of the motion for partial summary judgment, specifically:

> a. Why Midland continued filing proofs of claim with false statements after September 2016;
> b. What Midland relied upon prior to September 2016 for how it filed proofs of claim;
> c. Why Midland does not provide the credit contract underlying a proof of claim when the documents underlying a claim are requested;
> d. Whether or not it would be difficult for Midland to provide the credit contract underlying a proof of claim when the documents underlying a claim are requested;
> e. Any additional costs Midland would incur for providing the credit contract when requested, and how those costs compare to the money Midland expects to make on its bankruptcy portfolios;
> f. Why Midland told the United States Supreme Court that Rule 3001 required it to provide the credit contract on request but now claims otherwise; and
> g. The extent to which Midland has amended any other proofs of claims in the Western District of Virginia to correct misrepresentations made under penalty of perjury.

Resp. to Mot. for Partial Summ. J. ¶ 115, ECF Doc. No. 86.

The plaintiffs argue that this information will aid the Court in fashioning sanctions and other appropriate relief resulting from the violations. The plaintiffs argue that "evidence of substantial justification, harmlessness, and willfulness are important in determining whether sanctions should be imposed and what sanctions are appropriate." *Id.* ¶ 118 (citing *Maddux*, 567 B.R. at 499–500; *In re Goeller*, Case No. 12-17123-RGM, 2013 WL 3064594, at *2 (Bankr. E.D. Va. June 19, 2013)).

The Court has determined that the original proofs of claim filed by Midland in the underlying cases violated Rule 3001. The Court does not agree with Midland's assertion that it has absolved itself of the original Rule 3001 violations by amending the proofs of claim after the

plaintiffs brought this action.  To the extent Midland requests that this Court grant summary judgment in its favor and find that it is not subject to appropriate sanctions for its violations of Rule 3001, the Court denies the motion.  To the extent Midland asks that this Court limit, as a matter of law, the "appropriate relief" "to attorneys' fees actually and reasonably incurred as of the date that Defendants filed the Amended Proofs of Claim," the Court denies the motion.  It is after notice and hearing that the Court may determine what sanctions are appropriate and whether to "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure" for the violations of Rule 3001.  *See* Fed. R. Bankr. P. 3001(c)(2)(D)(ii).

### G. Conclusion

The Court denies the motion for partial summary judgment.  The Court finds that the plaintiffs' counts under the FDCPA as to the filing of the original proofs of claim are not precluded by the claims allowance process, and thus the Court denies Midland's request for summary judgment as to Count I of the amended complaint.  The Court does not find that the Claim Breakdown in each of the amended proofs of claim satisfies the itemization requirement of Rule 3001(c)(2)(A) and denies the request for summary judgment as to Count 1 of the defendants' counterclaim complaint.  The Court finds it appropriate to consider whether to impose sanctions and whether to award other relief only after notice and a hearing and accordingly denies the request for summary judgment as to Count 2 of the defendants' counterclaim complaint.

The Court will issue an order consistent with this Memorandum Opinion.

Copies of this Memorandum Opinion are directed to be sent to counsel for the parties.